MARTIN C. KOEBEL, Appellant, *vs.* J. C. DOYLE *et al.* Appellees.

*Opinion filed December 17, 1912.*

1. EQUITY—*the effect where an answer under oath is waived.* Where an answer, under oath, to a bill in chancery is waived, it is immaterial, so far as its force as evidence is concerned, whether the answer is sworn to or not or what is said therein in denial.

2. SAME—*motion by defendant to dismiss bill at close of complainant's evidence is not proper practice.* After a case is upon final hearing before the chancellor, a motion by the defendant to dismiss the bill, on the evidence submitted, at any stage of the proceeding, is not proper practice, and such a motion, if made, is nothing but a submission of the case to the chancellor.

3. FRAUD—*effect where a confederate corroborates a false representation.* Where a person who has in his possession alleged certificates of deposit falsely asserts that they represent actual deposits of money in the bank, and the party to whom the representations are made accompanies the holder to the bank, where a confederate of such holder corroborates the false representation, such corroboration does not exonerate the holder or show that the other party relied solely on the confederate's corroboration.

4. SAME—*when a grantee must show affirmatively that he purchased in good faith.* A grantor who seeks to set aside a conveyance upon the ground of fraud has the burden of proving such fraud, but when the fraud is proved, one who holds title under the fraudulent grantee must show affirmatively that he purchased in good faith, without knowledge of the fraud, and for a valuable consideration.

5. DEEDS—*what is not legal consideration for a deed.* A deed obtained by the grantee in consideration of the compromise of a criminal prosecution against the grantor, who had been arrested and imprisoned, is not based upon a valuable, or even a legal, consideration.

APPEAL from the Superior Court of Cook county; the Hon. RICHARD E. BURKE, Judge, presiding.

HAYDEN N. BELL, for appellant.

GEORGE J. CRANE, and J. W. NEWMAN, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, Martin C. Koebel, by his amended and supplemental bill filed in the superior court of Cook county against the appellees, J. C. Doyle, Alice M. Doyle, Clarence M. Morrison, Robert E. Gentzel and J. J. Brennan, prayed the court to set aside a conveyance of a lot in Chicago made by the complainant to Alice M. Doyle, on the ground that the execution of the conveyance had been obtained by fraud, and also a subsequent conveyance of the lot by Alice M. Doyle and J. C. Doyle, her husband, to Robert E. Gentzel. J. C. Doyle and Alice M. Doyle answered, denying the alleged fraud. Robert E. Gentzel by his answer alleged that at the time of the conveyance to him he had no knowledge of the transaction between the complainant and the Doyles; that said conveyance to him was for a valuable consideration, and that he held the title to the lot as agent for J. J. Brennan. The answer of Brennan alleged that Gentzel was one of his attorneys; that he had no knowledge of the transaction between the complainant and the Doyles; that the transfer to Gentzel was for a valuable consideration, and that Gentzel had a joint interest with him in the property. Replications to the answers of the several defendants were filed and the cause came on for hearing before the chancellor. The complainant introduced his evidence and defendants offered none, whereupon a decree was entered dismissing the bill for want of equity at the costs of the complainant and the cost of a receiver which had been appointed. From that decree this appeal was prosecuted.

The evidence before the chancellor consisted of three certificates of deposit and the testimony of the complainant to the following facts: Clarence M. Morrison had desk room in the office of the complainant, an attorney, in the Ashland block, in Chicago. Complainant was the owner of the property in question, which was for sale, and after

some previous talk about the matter Morrison told him that he had a man who was ready to buy the property and would give him for it some certificates of deposit on the Cosmopolitan Bank of Chicago. Morrison had some papers purporting to be such certificates, and the complainant told him he would take similar certificates if they were valid certificates on the bank. Morrison introduced J. C. Doyle to the complainant as the purchaser, saying that he was also selling Doyle some property and taking certificates in payment. The complainant was ignorant of any relation between Morrison and Doyle but afterward learned that they were brothers-in-law. The consideration for the property was $7000, subject to a mortgage for $4000, and the proposal was to give the complainant three certificates of deposit for $1000 each. There were three certificates, numbered 195, 196 and 197, signed by Milo Franklin Lewis and J. Lawrence Chandler and dated July 1, 1910. Each recited that J. C. Doyle had deposited in the bank $1000, payable to him July 1, 1911, in current funds, on the return of the certificate properly endorsed, with interest at the rate of four per cent per annum. Complainant asked Doyle whether he had deposited the money in the bank, and he said he had, and they went over to the bank to see if the bank officials would corroborate the statement. A man at the bank was introduced to the complainant as Mr. Chandler, who said that money had been deposited for the certificates; that they were obligations of the bank; that his signature appeared thereon and the other signature was that of Mr. Lewis; that the certificates would be paid at maturity, and that certificates had been issued and paid before that, placing his hand on a pile lying on his desk which he said had been redeemed. The complainant then made a deed on or about October 4, 1910, to Doyle's wife, at his request, and delivered an abstract and received the certificates. The certificates were worthless, and the bank, which was an unincorporated con-

cern, went into the hands of a receiver, who informed the complainant that no assets had been collected and there were none. Doyle then told the complainant that he never deposited any money for the certificates and did not pay money for them but got them in a real estate deal. On December 14, 1910, the complainant demanded of Doyle a return of his property, and Doyle said he would look the matter up, and left complainant's office. The bill was filed that day, and a deed to Gentzel dated the same day was recorded the next day. Gentzel is an attorney, and told the complainant that he had a transaction with Doyle in which his client, the defendant J. J. Brennan, had been swindled; that Brennan got from Doyle a $4500 mortgage in the transaction; that he had Doyle arrested, and Doyle gave him this property and took back the note; that he got a settlement out of Doyle by the criminal prosecution, and that the deed to him was made as a compromise in settling the criminal suit. He recommended the same method to complainant. When complainant made his deed he accounted with Doyle for rents collected in advance and paid over the same.

A large part of the argument of counsel for appellees consists of abuse of counsel for appellant, who is charged with willful unfairness in abstracting the record and in the statement of facts. One of the statements which they characterize as the most brazen is that no proof was offered showing that Gentzel or Brennan paid a valuable consideration, which they say is a palpable, deliberate and almost childish attempt of appellant's counsel to seek to convey to this court that there was no defense and that none was offered. They say that the answer of Gentzel, made under oath, stated the facts, and that the entire testimony of the complainant would have been refuted had the chancellor not sustained their motion and dismissed the bill. There was no evidence offered by the appellees, and the answer under oath having been waived, it is imma-

terial what Gentzel said in his answer by way of denial or whether he swore to it or not. Another particular thing in which counsel say there is a deliberate attempt to deceive this court is the failure to show by the abstract a motion to dismiss the bill at the close of the evidence for the complainant. It does not appear from the decree that there was such a motion, but it recites that the court having heard the evidence offered by complainant and proofs taken in the cause and the arguments of the parties, it is ordered, adjudged and decreed that the bill of complaint, and the amended and supplemental bill of complaint as amended, be and the same are hereby dismissed for want of equity. The abstract shows that before the testimony was closed Gentzel said he wanted to make a motion to dismiss the bill, but if there was such a motion which does not appear in the abstract, the appellees should have filed an additional abstract, as required by the rules of this court, instead of devoting their energies to abusing counsel. If we assume that there was such a motion the fact is immaterial. We do not recognize a practice of making a motion in a case on final hearing before a chancellor to dismiss the bill on the evidence submitted at any stage of the case. This cause was on hearing before the chancellor for a final decision on the merits, where the parties were at liberty to introduce such evidence as they had to establish a right to the relief prayed for or to show good defense. To permit such a motion would result in hearing a case by piece-meal, the sustaining of a motion resulting in an appeal and on a reversal another hearing on more evidence, followed, perhaps, by another appeal. The party has a right to submit his cause to the chancellor upon the evidence adduced if he sees fit, and the motion, if made, was neither more nor less than a submission of the cause to the chancellor.

It is argued that the evidence was not sufficient to establish fraud on the part of Doyle. The statement that

money had been deposited for these certificates and that they represented actual deposits of money in the bank was a statement of a fact. It was made for the purpose of inducing appellant to act. It was false and Doyle knew it to be untrue. The appellant and Doyle did go to the bank to see whether the statement would be corroborated, and a man introduced as Chandler made the same statement, from which it is argued that the appellant did not believe and act upon the representations of Doyle. It is a mistaken idea that if a rogue has another rogue to make the same false statement he is exonerated, and the fact that there is more than one telling the same falsehood does not show that reliance is placed on the second one alone. The evidence was sufficient to establish the fraud and entitle the appellant to have the transaction set aside so far as Doyle and his wife were concerned.

The only question remaining is whether Gentzel, and Brennan, for whom Gentzel acted, occupied the position of purchasers for a valuable consideration without notice of any fraud. The burden of proving the alleged fraud by which the conveyance from appellant was obtained rested upon him, but when he had proved it, if Gentzel or Brennan claimed that he had acquired a right superior to Doyle or his wife as a subsequent grantee, he had to take the burden of affirmatively proving his right. Fraud is not presumed, but when it is proved, one who claims title under a grantee whose title is fraudulent must show affirmatively that he purchased in good faith, without knowledge of the fraud, and for a valuable consideration. (*Brown* v. *Welch,* 18 Ill. 343; *Campbell* v. *Whitson,* 68 id. 240; *Roseman* v. *Miller,* 84 id. 297; 20 Cyc. 763.) So far as anything appeared when the cause was submitted to the chancellor, the conveyance to Gentzel was in consideration of the settlement of a criminal prosecution of Doyle, who had been arrested and imprisoned, and that was not a valuable or even a legal consideration. The appellees chose to

submit the case to the chancellor upon the evidence for complainant, and the chancellor erred in dismissing the bill.

The decree is reversed and the cause is remanded to the superior court, with directions to enter a decree as prayed for by the bill.

*Reversed and remanded, with directions.*