SMITH *v.* OLANDER.

ASSAULT—LIABILITY OF COMMISSIONER OF PUBLIC SAFETY FOR ACTS OF TROOPER.

Commissioner of public safety, empowered under Act No. 123, Pub. Acts 1921, to appoint those serving under him, is not liable to respond in damages for unlawful acts of trooper in assaulting a prisoner after making legal arrest, in absence of showing that the commissioner took part in said acts, or that they were done under his direction or with his knowledge.

Case-made from Allegan; Miles (Fred T.), J. Submitted June 11, 1930. (Docket No. 100, Calendar No. 35,089.) Decided October 3, 1930.

Case by Alfred C. Smith, by next friend, against Oscar G. Olander, commissioner of public safety, and George Hay, a trooper, for mistreatment after arrest. Plaintiff reviews judgment *non obstante veredicto* for defendant Olander by case-made. Affirmed.

. . .

*Leo W. Hoffman* and *Clare E. Hoffman* (*Carl E. Hoffman,* of counsel), for plaintiff.

*Wilber M. Brucker,* Attorney General, and *Joseph A. Gillis,* Assistant Attorney General, for defendant.

Wiest, C. J.   Defendant George Hay, a trooper, duly appointed as such in the State department of public safety, arrested plaintiff, then, without excuse, struck and maltreated him, and, for the assault, was cast in damages.   Defendant Oscar G. Olander, commissioner of public safety, and Hay's superior, was also cast in damages but released therefrom by the trial court.

Plaintiff, by case-made, presents the question of the liability of defendant Olander to respond in damages for the wrongful act of Hay.   The question is without case precedent.

The office of Olander and the employment of Hay have no common-law background.   Act No. 123, Pub. Acts 1921, established a State department of public safety, with a commissioner as its executive head, and empowered him to appoint and discharge a corps of members with grades and duties "assimilated to those of captain, lieutenant, sergeant and private in the military service.   *   *   *   With the powers of a conservator of the peace, and for the purpose of the service of process and of making arrests, with the powers of a deputy sheriff."

The statute also provides:

"Each such person shall furnish a bond to the State in the same amount, subject to the same conditions and with the same character of sureties, as is required by law of deputy sheriffs."

The record does not disclose whether such a bond was given by Mr. Hay.   We apprehend, however,

that it would be rather difficult to give such a bond "as is required by law of deputy sheriffs," for there is no such law. It is true that sheriffs are empowered to appoint deputies, and, because of responsibility for acts of their deputies, they exact bonds, yet such is a personal matter between the sheriff and deputies. The bond feature of the statute appears to be meaningless, or at any rate of no moment under the issue presented by this record.

Does the power to select, appoint, and discharge troopers entail the obligation to respond for their unlawful acts? Ordinarily no such liability attaches to appointive power. Does it attach by reason of the commissioner having delegated to him and to his appointees the powers of a conservator of the peace and those of a deputy sheriff in making arrests? We must assume (for the record is silent on the subject) that the commissioner had no part in the unlawful act of the trooper. This fact distinguishes the case from that of *Bishop* v. *Vandercook,* 228 Mich. 299.

Plaintiff concedes the legality of his arrest, and only complains of the treatment by the trooper after the arrest. There being no showing that the trooper in his wrongdoing was acting under the direction of the commissioner or with his knowledge, therefore, it must be assumed that the trooper acted contrary to the lawful commands of the commissioner, and we must hold that liability for the wrong done is limited to the wrongdoer.

The judgment is affirmed, with costs to defendant Olander.

BUTZEL, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.