Katie M. Havill, Appellee, v. Norman S. Darch et al., Defendants. Norman S. Darch, Appellant.

Gen. No. 42,673.

Opin-
ion filed December 13, 1943.

NEWELL MECARTNEY and EUGENE M. DARCH, both of Chicago, for appellant.

EDWARD E. FLEMING and EWART HARRIS, both of Chicago, for appellee.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

The defendant Norman S. Darch appeals from a decree of foreclosure of a mortgage executed August 8, 1927 by William S. Marston and Madeline Lave Marston, his wife, to secure their promissory note of that date in the sum of $4,500, payable five years after the date thereof, with interest.

This note was extended in 1932, and again on August 8, 1937, by extension agreement executed by Madeline Lave Marston (divorced and not remarried). Defendant obtained a deed to the premises involved through bankruptcy sale had January 9, 1941, in the matter of Madeline Marston, bankrupt. The decree found $5,295.08 to be due plaintiff and decreed sale, but stayed the sale under the Soldiers' and Sailors' Civil Relief Act because the defendant was then in the military service of the United States. Since 1932 the income from the premises was being collected by a real estate agent under an assignment of rents, for the benefit of the holder of the mortgage note.

Plaintiff closed her proof before the master without showing an accounting as to receipts and disbursements of the assignee of the rents. Defendant then made a motion for recommendation by the master that the complaint be dismissed. Plaintiff asked leave to reopen the case for the introduction of evidence as to the accounting. Defendant objected and by written motion asked that the question of reopening proofs be referred to the chancellor. This motion was overruled and plaintiff proceeded to offer testimony as to the accounting. Defendant objected that the master was without jurisdiction to reopen the evidence and hear further testimony and protested against further proceedings before the master. He was permitted a gen-

eral objection on this ground to all testimony, and by agreement was permitted to object to the competency and relevancy of any testimony without prejudice to the want of jurisdiction or authority in the master to proceed. No evidence was offered on behalf of the defendant.

The master filed a report finding the issues for the plaintiff and recommending foreclosure and sale, etc. In respect to the accounting the master found that the assignee and agent of the owner and holder of the promissory note being foreclosed paid out of the proceeds of the rents received by him all of the operating expenses of the premises, the taxes for certain years and interest on the mortgage indebtedness to and including August 8, 1941, and that he had on hand on July 27, 1942, the sum of $10.67, which amount should be credited upon the indebtedness due on the note. No schedule of receipts and disbursements is attached to the report. Defendant filed objections to the master's report, which were later considered as exceptions and overruled. No objection was made or exception taken that the master erred in stating the account without setting up a schedule of the receipts and disbursements or the credits to and charges against the collector of the rents. On this appeal defendant questions the right of the master to open up the case and receive further evidence as to the accounting, and also insists that the report of the accounting is defective because not stated in detail.

Prior to the 1941 amendment to section 64 of the Civil Practice Act (ch. 110, par. 188, subpar. (4) [Jones Ill. Stats. Ann. 104.064, subpar. (4)]) a motion to dismiss a complaint for want of equity on a trial before the chancellor was not regarded as proper practice. It was treated as a submission of the cause to the court and the defendant was not entitled as a matter of right to offer any further testimony in the event his motion was overruled. *Koebel v. Doyle,* 256 Ill.

610, 614; *Thorworth v. Scheets,* 269 Ill. 573; *Abel v. Flesher,* 296 Ill. 604. By the 1941 amendment the practice prevailing in actions at law is made applicable to chancery proceedings, the motion to dismiss receives recognition, and the defendant is permitted as a matter of right to proceed to adduce evidence in support of his defense on refusal of his motion to dismiss, the introduction of such evidence being deemed to be a withdrawal or waiver of the motion to dismiss. The right of a trial court to open a case for the introduction of evidence after its submission to the court is generally recognized, in equity as well as in law. In *Brelsford v. Community High School Dist. No. 36,* 328 Ill. 27, 30, an election contest, the court said: "The admission of testimony after the arguments have been made and the instructions read rests in the sound discretion of the court, and the exercise of such discretion is not ground for reversal unless some injury is occasioned to the party complaining. (*Indiana, Decatur and Western Railway Co. v. Hendrian,* 190 Ill. 501.) The order of the introduction of evidence rests in the sound discretion of the court, and the exercise of such discretion by allowing the case to be opened for hearing further evidence after both parties had rested and the cause had been taken under advisement by the court will not be interfered with except for clear abuse, and greater latitude should be allowed where the case is tried by the court without a jury than where there is a jury trial. (*People v. St. Louis, Iron Mountain and Southern Railway Co.,* 278 Ill. 25.) The above were cases at law but the rule is not different in equity." To the same effect is *Johnson v. Johnson,* 381 Ill. 362, where in considering a case tried before the above mentioned amendment to the Civil Practice Act in 1941, it was held that the chancellor erred in not permitting the defendant in a divorce suit to present her evidence after overruling her motion to dismiss the complaint at the close of plaintiff's

testimony. The court there said (p. 372): "As stated in 30 Corpus Juris Secundum, Equity, section 492, p. 888, 'A court of equity has full power to set aside a submission of the cause for the purpose of permitting the taking of additional testimony. The matter rests in the discretion of the court.'"

Defendant, however, insists that the master, being a ministerial and not a judicial officer, is without power to exercise this discretion. The master is required in the first instance to rule upon the competency of witnesses and the admissibility of testimony. *Ellwood v. Walter,* 103 Ill. App. 219, 223. His rulings are then reviewed by the chancellor on exceptions to his report. There seems to be no valid reason why the same practice should not prevail on the question of opening the case for further evidence, as was done here. Defendant availed himself of his right of exception before the chancellor, where the action of the master was upheld. Had defendant wished to offer further evidence or to recall plaintiff's witnesses for cross-examination he could have urged the matter before the trial court and undoubtedly the opportunity would have been given him. The master properly permitted additional evidence to be offered after defendant's motion to dismiss had brought to plaintiff's attention a failure to prove a substantial element of her case. Upon the adverse rulings of the master and the trial court, defendant, having failed to request an opportunity to meet the additional evidence by cross-examination or otherwise, cannot now complain.

Under the established rules the report of the master as to the accounting is undoubtedly informal. *Craig v. McKinney,* 72 Ill. 305. Had proper objection been made before the master and the court, the insufficiency of the report could have been corrected.

The defendant did not abstract the testimony received after the denial of his motion to dismiss the complaint. Reference to the record shows that there

is evidence relative to the assignment of the rents for the benefit of the holder of the mortgage note; that there is detailed information as to receipts and disbursements by the agent collecting the rents from July 1935, and that at the time of the last extension of the mortgage note in August 1937, a statement of income and disbursements, together with receipts covering the expenditures, were submitted to the then owner of the premises and accepted without any objection. The ledger sheets of the firm collecting the rents, itemizing receipts and disbursements, were introduced. Defendant does not point out any error as to any item received or claimed to have been disbursed, and relies solely upon the technical objection that the account has not been stated in detail. Having failed to make the objection before the master, it cannot now be raised.

The decree of the superior court is affirmed.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.