(No. 28090.—

CHARLES KANAUSKE *et al.*, Appellants, *vs.* ZOE CLARK *et al.*, Appellees.

*Opinion filed November 22, 1944.*

HENRY W. KENOE, and KONSTANT J. SAVICKUS, both of Chicago, for appellants.

CARLETON A. SHULTS, of Aurora, for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

The title to a part of lot 2 of block 2 of Gale's addition to West Aurora in the city of Aurora is involved in this action. It was owned by William Kanauske at the time of his death in November, 1941. He left a will by which he devised this lot to his brother Charles Kanauske. A few days thereafter, but preceding the probate of the will, Charles Kanauske and Elizabeth Kanauske, husband and wife, plaintiffs herein, conveyed it by warranty deed to defendant Zoe Clark. In June, 1942, plaintiffs started this suit in the circuit court of Kane county to set the deed aside on the grounds that defendant Clark had obtained the same through false and fraudulent means. After the deed was executed by plaintiffs it was left in the possession of the attorney who drafted it, the defendant Charles A. O'Connor. It was never filed for record, but no question is raised on this appeal as to its delivery. Separate answers were filed by each defendant and the cause was referred to the master in chancery. At the conclusion of plaintiffs' evidence, defendant Clark moved to dismiss the action for want of equity. No further evidence was offered and the master submitted a report to the court which included the motion and all the evidence. As to

the motion, the master reported that he did not have authority to pass upon it but he submitted findings of fact based upon the evidence taken and recommended that plaintiffs' complaint be dismissed for want of equity. After a hearing on exceptions to the master's report, a decree was entered dismissing the complaint for want of equity. This appeal followed.

Plaintiffs' first contention is that the master, being a ministerial officer, had no authority to pass upon defendant's motion to dismiss made at the conclusion of plaintiffs' evidence. In making such contention plaintiffs misapprehend the action taken by the master in reference to such motion, for, as stated, he included in his report to the court his conclusion that he did not have authority to rule on the motion. His report contained findings of fact based solely upon the evidence introduced by plaintiffs, all of which were to the effect that plaintiffs had not established a case. Defendant's motion to dismiss for want of equity had the effect of submitting the cause on plaintiffs' evidence alone and it thereby became the province of the master to include in his report findings of fact based upon such evidence. The decree appealed from refers to defendant's motion to dismiss but it does not contain any provision expressly overruling it. The decree confirmed the findings of fact of the master and ordered dismissal of the complaint for want of equity.

Counsel for the respective parties refer to the rule applicable to a motion to dismiss a complaint in chancery made at the conclusion of the plaintiffs' evidence as it existed prior to the adoption of paragraph 4 of section 64 of the Civil Practice Act, and the rule to be followed after its enactment. The rule applicable before the statute was passed was that the making of the motion amounted to a submission of the cause on the evidence taken. (*Thorworth* v. *Scheets*, 269 Ill. 573; *Koebel* v. *Doyle*, 256 Ill. 610.) The statute provides that if the decision on the

motion is adverse to the defendant, he may proceed to adduce evidence in support of his defense, in which event the motion to dismiss or for a finding shall be deemed to have been waived and withdrawn. It will be noted that the statute does not change the rule, unless the decision on defendant's motion is adverse to the defendant. If the decree in this case be considered as disposing of the motion, then it must be conceded it was favorable to the defendant. Under such circumstances, the statute has no application and it is not necessary to consider its legal effect if the decision had been adverse to defendant.

Plaintiffs contend that the evidence supports the allegations of their complaint and that the chancellor erred in dismissing it for want of equity. William Kanauske and plaintiffs were Lithuanians, who came to this country many years ago. Plaintiffs resided in Chicago and William Kanauske, prior to his death, lived in Aurora. Plaintiff Charles Kanauske was a moulder by trade, and William, for several years prior to his death, had been engaged in the liquor business. At the time of his death his property consisted of the lot in question, valued at about $6500, personal property of the value of approximately $11,000, and other real estate which the executor was to sell and distribute to relatives in Lithuania. It is not involved here. The will devised the lot to Charles and named him as the sole residuary legatee which would give him the personal property, less the debts and costs of administration.

Some four months prior to his death, William Kanauske gave defendant Clark his automobile and his liquor business, including the stock in trade and fixtures. The will contained a provision to the same effect, but by reason of the gift *inter vivos,* the clause in the will was inoperative. A few days after the death of William Kanauske, defendant Clark talked to attorney O'Connor, who was the attorney for the executor, and learned of the provisions of the will. She complained to him that she had not re-

ceived a sufficient amount of William Kanauske's estate to compensate her for the services she had rendered. The attorney suggested two courses for her to pursue, that is, she could file a claim against the estate, or, since Charles Kanauske was the residuary legatee under the will, she could endeavor to adjust her matters with him. A few days thereafter she returned to the attorney's office with plaintiffs and, after a conference, the deed in question was executed by plaintiffs. It is said that the misrepresentations of defendant Clark pertained to her claim for services against the estate of William Kanauske, which, together with her threat to use the claim to take the whole estate, caused plaintiffs to execute the deed. It is stated that plaintiffs were so intoxicated at the time of the execution of the deed that they were unable to comprehend the nature of the transaction and its effect. There is some evidence of plaintiffs drinking intoxicating liquor but there is no evidence which tends to prove that plaintiffs, at the time of the execution of the deed, were under its influence. It has been held that a party who executes an instrument and later seeks to avoid it by reason of intoxication must prove that he was in such a condition that he was incapable of understanding the nature of the transaction in which he was engaged. *Shackleton* v. *Sebree,* 86 Ill. 616; *Roche* v. *Roche,* 286 Ill. 336; *Harrington* v. *Travis,* 349 Ill. 606.

The discussion between the plaintiffs and defendant Clark before they went to the attorney's office, and the conversation that occurred thereafter clearly show that plaintiffs understood said defendant had a claim for services against the estate of William Kanauske which she was going to file. It also appears that plaintiffs were under the impression that the gift of the automobile and liquor business to said defendant had not been sufficient to compensate.her for her services during the years she had been employed by William Kanauske, and that an

adjustment should be made. The testimony of the attorney and the parties themselves shows that there was a full disclosure in reference to said defendant's claim and the effect the deed would have on plaintiffs' property. The master was correct in finding that there was no evidence which, taken in its most favorable light, tended to sustain the allegations of plaintiffs' complaint.

In order to insure equity between these parties, we deem it necessary to reverse the decree and remand the cause. The evidence shows that the reason for the deed was to make a fair adjustment between Charles Kanauske and defendant Clark, so that she would receive something from the estate in the way of compensation for the services she had rendered the decedent in his lifetime. After she received the deed, she filed a claim against the estate in excess of $13,000. No hearing has been had thereon. Her own version of the purpose for the deed would not give her the title to the lot and a claim against the estate. It is a fundamental principle of equity that he who seeks equity must do equity. (*Erlinger* v. *Freed,* 347 Ill. 588.) If the claim should be allowed in whole or a major part thereof, it would result in depleting the residuary fund. The interest of Charles Kanauske as residuary legatee should be protected against such possibility. The decree should direct that if the defendant Clark withdraws her claim against the estate within thirty days, the deed in question should become final and conclusive with the title vested in her. If she elects to prosecute her claim and seek compensation for her services from the personal assets of the estate, then the deed should be set aside.

For the reasons assigned, the decree is reversed and the cause remanded with directions to proceed in accordance with the views expressed. It is ordered that each party pay his own costs of this appeal.

*Reversed and remanded, with directions.*