(Nos. 29660, 29662, 29664, 29668.—

T. H. REITER, Appellee, *vs.* ILLINOIS NATIONAL CASUALTY COMPANY *et al.*, Appellants.

*Opinion filed May 22, 1947.*

142

Heineke & Conklin, (Paul H. Heineke, of counsel,) both of Chicago, for appellant Illinois National Casualty Company; Vogel & Bunge, of Chicago, for appellant Claude H. Barr; A. M. Fitzgerald, of Springfield, *pro se;* and George F. Barrett, Attorney General, Winston, Strawn & Shaw, and John D. Black, (William C. Wines, Gerard E. Grashorn, and Edward J. Wendrow, of counsel,) all of Chicago, for appellant Ernest Palmer. Joseph A. Londrigan, of Springfield, for appellant Arthur M. Fitzgerald, on rehearing.

John A. Brown, of Chicago, for appellee.

Per Curiam: This case originated in a suit filed by appellee, Reiter, in the superior court of Cook county. It involves only one decree. The superior court, on motion of the defendants at the close of the plaintiff's evidence, entered a decree dismissing the complaint for want of equity. On appeal to the Appellate Court for the First

District that court affirmed the decree as to the defendant Fidelity and Deposit Company of Maryland, and as to all of the other defendants the Appellate Court reversed the decree and remanded the cause with directions to enter a decree for the plaintiff, in accordance with the prayer of his complaint. From the judgment of the Appellate Court the Illinois National Casualty Company, Claude H. Barr, Arthur M. Fitzgerald and Ernest Palmer, upon leave granted by this court, have perfected separate appeals. These separate appeals have all been consolidated in this court.

The suit is one for accounting and return to appellee of certain stock of the Illinois National Casualty Company claimed to have been taken from him by duress and coercion by the defendants Barr, Fitzgerald and Palmer. The cause was referred to a master. At the close of the plaintiff's evidence each defendant moved for a finding in his or its favor. The master reported, making certain findings of fact, and recommended the allowance of the motions and the dismissal of plaintiff's complaint. The trial court approved the master's report, allowed the several motions of said defendants, and dismissed plaintiff's complaint for want of equity. The facts fully appear in the opinion of the Appellate Court for the First District, (328 Ill. App. 234,) but for reasons made apparent hereafter are not discussed.

In the course of its opinion the Appellate Court held that the defendants' motions had the effect of submitting the cause on the plaintiff's evidence alone; and further held that as the decision was favorable to defendants in the trial court on the motions to dismiss, the defendants would not be permitted to offer testimony when such decision was reversed on appeal, and accordingly, as to appellants, Barr, Fitzgerald, Palmer and Illinois National Casualty Company the cause was remanded with directions to enter a decree in accordance with the views expressed.

Appellants have raised a procedural question, which must be disposed of in the consideration of the case in view of this holding. The effect of the judgment of the Appellate Court was to direct the trial court to enter a decree in favor of the plaintiff on the evidence taken, without giving to the defendants an opportunity to offer evidence in support of their defense. A final judgment has been entered by the Appellate Court, authorizing us to take jurisdiction for the purpose of determining the correctness of the decision based upon the evidence. Whether this remanding order was correct depends upon a proper construction of paragraph (4) of section 64 of the Civil Practice Act. Ill. Rev. Stat. 1945, chap. 110, par. 188.

Prior to 1941, paragraph (4) of section 64 was not in the statute, and the rule in equity cases was that a defendant moving for a decree in his favor, at the close of plaintiff's evidence, submitted the cause to the chancellor for decision upon the merits, and thereby waived the right to offer evidence in support of his defense. (*Fewkes* v. *Borah,* 376 Ill. 596; *Magnolia Petroleum Co.* v. *West,* 374 Ill. 516; *Koebel* v. *Doyle,* 256 Ill. 610.) In 1941 the legislature amended section 64 of the Civil Practice Act by adding thereto paragraph (4), which reads as follows: "Upon the trial of a proceeding in equity defendant may, at the close of plaintiff's case, move for a finding in his favor or move to dismiss the suit for want of equity. Either motion shall constitute a submission of the cause for decision on the merits. If the decision on the motion is adverse to the defendant he may proceed to adduce evidence in support of his defense, in which event the motion to dismiss or for a finding shall be deemed to have been waived and withdrawn."

The part of the section preceding the last sentence is declaratory of the law and practice up to the time of its enactment, and such motion, since *Koebel* v. *Doyle,* 256 Ill. 610, has constituted a submission of the cause as fully

and as effectively as a cause at law is submitted to a jury when the defendant makes the motion to exclude the plaintiff's evidence, which motion is denied, and elects to offer no evidence. The question to be decided is the effect of the last sentence therein: "If the decision on the motion *is adverse* to the defendant," etc. This gives defendant the right, if he chooses, to offer evidence as he would in a suit at law if he made a like motion and it was denied.

From this language it appears that in the trial of a cause the same rights are now given in cases at law and in equity, where the defendant makes a motion to exclude plaintiff's evidence, or to find in favor of the defendant. In both law and equity the defendant may make a motion to dismiss, or the equivalent of a motion to exclude. In both law and equity if the motion is allowed the case is decided in favor of defendant. On each side of the court if the motion is denied, and the defendant elects to offer no evidence, the decision is made upon the plaintiff's evidence. In both law and equity, if the defendant elects, he may offer evidence if his motion is denied. There seems to be no dispute or contention thus far between the parties as to this being the proper construction in the trial court. But, suppose the trial court erroneously allows the motion of the defendant and the plaintiff appeals, and the Appellate Court decides that the motion to exclude or to dismiss for want of equity should not have been allowed. The question then arises, what effect did the General Assembly intend the amendment to section 64 to have upon the disposition of the case? Was the statute intended to simply control trial practice, or was it for the purpose of making the practice in law and equity more nearly the same, and eliminate distinctions which had not already been abolished by the provision that there should be no distinctions in pleading between actions in law and in equity? Civil Practice Act, sec. 31.

Section 74 of the Civil Practice Act provides for review by the Appellate or Supreme Court, and "such review shall be designated an appeal and shall constitute a continuation of the proceeding in the court below." This section expressly provides that the appeal provided therein is not a new suit. Possibly this provision was made because in some jurisdictions an appeal is sometimes regarded the same as a writ of error, *viz.,* the bringing of a new suit. (2 Am. Jur. sec. 4, p. 845; 2 Ency. Pl. & Pr. pp. 26-30.) Section 74, however, beyond doubt brings before the appellate tribunal all of the rulings and decisions of the trial court, not as a new case but as a continuation of the same case. Every act of such trial court is reviewed, and, if it is in error, it is required by directions of such appellate tribunal to do what it should have done upon a hearing. There is nothing in paragraph (4) of section 64 of the Civil Practice Act which requires the Appellate Court to correct only those errors other than the error in allowing the motion of the defendant to exclude the testimony.

If an appeal is a continuation of the case heard in the trial court it is simply the same case in a different court. If in the trial court the defendant has a right to offer evidence in case his motion to exclude is denied, the statute does not require that the defendant be denied this right in the Appellate Court, when, for the first time, the motion of the defendant to exclude the evidence in the same case has been denied. The statute says: "If the decision on the motion is adverse," etc. It is not confined to a decision adverse to the defendant in the trial court, but to the adverse decision of the court having the power to make the decision in the case. If the Appellate Court disagrees with the trial court, the decision of the Appellate Court is the decision in the case, and not the decision of a different case, as appellee interprets the act. The decision of the trial court no longer exists, and the only decision in the case is adverse to defendant.

The language of the statute is general and is not limited. The Civil Practice Act provides its provisions shall be liberally construed to effectuate justice and it is not to be construed in such a way as to trap litigants. (*Swain* v. *Hoberg,* 380 Ill. 442.) The case cited further recognizes that an appeal is not a new proceeding, but is a continuation of the proceedings in the court from which the appeal was taken. Section 92 of the Civil Practice Act implements this intention when, among other things, it provides that the reviewing court may "Give any judgment and make any order which ought to have been given or made, and make such other and further orders and grant such relief, including a remandment, a partial reversal * * * as the case may require." Under the amendment to section 64 the appellants were entitled, after the ruling of the Appellate Court was adverse, if they desired, to offer evidence, but since the latter court has no power to hear evidence, the case should be remanded to the trial court for the purpose of affording defendants the right saved by this amendment to the statute. The statute is undoubtedly remedial in nature, and should be so construed.

The construction we have just given this act comports with the practice at law, for, if a motion to exclude the evidence of the plaintiff were granted in an action at law, and the Appellate Court were to reverse such action because of error in granting this motion, the cause is remanded and the defendant, as a matter of right, upon a new trial offers evidence in his defense, if he so desires. As thus construed, the practice in law and in equity becomes parallel in the matters covered by the amendment, with the exception of the mode of trial, and absurd consequences are avoided. *Inter-State Water Co.* v. *City of Danville,* 379 Ill. 41.

It is contended, however, that we have decided the question otherwise, and our attention is called to *Kanauske* v. *Clark,* 388 Ill. 357. Some language was used in that

case which would be misleading if the causes were parallel. In that case, however, the motion to exclude was sustained by the trial court and not reversed on review, and hence the question of the effect of an adverse ruling on the defendant's motion in a court of review was not before the court for consideration, and would come within our holding in *Swain* v. *Hoberg*, 380 Ill. 442, that we will not hesitate to correct an erroneous impression created by an opinion when it is called to our attention.

We are also referred to *Street* v. *Chicago Wharfing and Storage Co.* 157 Ill. 605, but in that case no motion was made by the defendants to exclude the testimony, but the case was submitted upon the examination and cross-examination of the plaintiff's witnesses. The defendant elected not to offer testimony and, hence, there was no motion upon which the authorities cited by appellee could operate. It must be kept in mind there is a distinction between defendant offering no evidence and the case of the defendant making a motion to exclude plaintiff's evidence. It was concerning the latter practice that the decisions referred to by appellee apply.

We might add we do not see how the decisions of this court prior to the 1941 amendment can have any bearing upon the construction of the new law, if the purpose of the amendment was to change the practice in respect to the rights of a defendant, where such a motion was made. The contention of the appellee in effect amounts to a claim that the statute only applied to procedure in the trial court and did not apply to any other court to which the same case might be taken, and that despite the statutory provision that the case in the reviewing court was a continuation of the same case in the trial court. Our view of the proper practice is confirmed by decisions in other jurisdictions, which previously had the old chancery practice, and amended the statute for the purpose of ameliorating its hardships.

In Mississippi an amendment to the code of procedure was made in 1938 as follows: "In the trial of causes in the chancery courts of the State of Mississippi, the defendant shall have the right and be entitled to introduce his evidence, notwithstanding the fact that he may have made a motion to exclude the evidence of the complainant, and that such motion was by the court overruled."

It will be perceived that the statute of Mississippi, for all practical purposes, was the same as the 1941 amendment of section 64 of the Civil Practice Act, and the reasoning followed there is along the same line as that we indicated above.

In the Federal courts the old rule in chancery, that a motion to exclude the plaintiff's evidence operated as a submission of the case, was in force for many years. Under the rules of court adopted in recent years that practice has been changed by the part of Rule 41(b), as follows: "After the plaintiff has completed the presentation of his evidence the defendant, without waiving his right to offer evidence in the event the motion is granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief." In construing this rule the Federal courts have held that where the motion has been allowed in the trial court and, upon appeal, the action of the trial court in sustaining the motion is reversed, the case is not taken as upon the plaintiff's evidence alone, but the defendant has a right to offer evidence.

Thus, in *Federal Deposit Insurance Co.* v. *Mason,* 115 Fed. 2d 548, in construing this part of the rule the court said: "It is thus seen that if the defendants' motion had not been granted by the district court they would have been entitled to proceed to offer evidence in their defense. Since we now hold that the order granting their motion was erroneous and must be reversed it follows that the Civil Procedure Rules require that the defendants now be afforded an opportunity to offer their evidence."

In *Bach* v. *Friden Calculating Machine Co.* 148 Fed. 2d 407, a defendant's motion was also sustained in the trial court, and in construing this same ruling the court said: "It is clear it was intended by adoption of the rules to relieve the defendant in an equity case of the risk of having his proof cut off if he failed on a motion to dismiss at the conclusion of plaintiff's evidence and that it was intended to give the trial court the power to weigh the evidence and draw inferences therefrom at the conclusion of plaintiff's proof in both law and equity cases. * * * If the trial court committed error in this respect, on reversal the defendant clearly would have the right to proceed with the introduction of his evidence under the rule."

In *Bowles* v. *Biberman Bros. Inc.* 152 Fed. 2d 700, the court again gave the same construction to Federal Rule 41(b). Other cases are cited, but the foregoing we think are sufficient to indicate that the trend of authority is to abolish the hardship encountered under the old chancery rule of compelling a defendant to either speculate correctly what the Appellate Court will do on his motion, or forfeit the right to offer testimony. In line with this trend, in *Johnson* v. *Johnson,* 381 Ill. 362, in a case where the amendment to the act of 1941 was not applicable because it had not yet been enacted, we nevertheless held that a broad discretion would have enabled the trial court to have allowed the defendant in that case to offer evidence after a motion to exclude had been denied.

We are convinced that it was the intention of the General Assembly in enacting the amendment to section 64 to give the defendant, whose motion to exclude the plaintiff's evidence in a chancery case had been allowed, the right, in case this ruling is reversed by the Appellate Court, to offer testimony in defense of the action. The Appellate Court therefore erred in remanding the cause with directions to enter a decree, instead of remanding it with direc-

tions to allow the defendants to proceed with the taking of testimony in their defense, if they so desired.

The same ruling and judgment was entered as to the defendant Ernest Palmer, and would be available to him, but for the fact that we are of the opinion that the action of the trial court in dismissing the case as to him should be affirmed. The evidence shows that Palmer, during all of the time the controversy between plaintiff and the other defendants was taking place, was Director of Insurance of the State of Illinois. As such Director of Insurance, during the course of this controversy, he appointed a conservator for the Illinois National Casualty Company under authority of a law then recently enacted. (Laws of 1933, p. 649.) Palmer was joined in the action of conspiracy because of the alleged actions of certain of his subordinates in the office of Director of Insurance. There is no evidence in the record indicating that anything was done personally by Palmer, except that in the month of May, 1933, plaintiff and the other defendants went to the office of the Insurance Department, and met Palmer, who was introduced to them by Fitzgerald, and Palmer in turn introduced two of his subordinates, whom he directed to take charge of the meeting, and left.

During the course of the proceeding, when the stock of Reiter was required to be assigned to Palmer, as Director of Insurance, for the conservation of its assets, McCullough, one of the subordinates, said this was "by order from the boss." Palmer was not present. These acts are charged, together with the appointment of the conservator, to establish proof of an unlawful participation in the alleged conspiracy of the other defendants. They are, in our judgment, wholly insufficient to render him liable.

Considerable is said in the briefs of the lack of power of Palmer to appoint a conservator for the company. He claimed authority to take the action under the act of the General Assembly just mentioned. The record shows that

Palmer acted with the approval of the Governor of the State, and purported to act under the authority of the statute. He had reason to believe he had such power. The acts of the General Assembly are presumed to be constitutional, and this act of his, in view of the existence of a public law, must be presumed to have been done in good faith as a public official.

The other acts narrated do not show that he personally participated in any of the acts claimed by plaintiff to have constituted a conspiracy to deprive Reiter of his property. The rule is well settled that public officials in the performance of their official acts are presumed to act in good faith and with honest motives. (*Tribune Co.* v. *Thompson,* 342 Ill. 503; *Hallett* v. *City of Elgin,* 254 Ill. 343.) The difficulty with the plaintiff's case against Palmer is that he is compelled to rely upon the acts of other persons, either employees of the Insurance Department or subordinates of the Director of Insurance, to establish malfeasance upon the part of Palmer. Such acts are insufficient to establish a liability against a public officer. The rule is well settled that public officials are exempt from liability to answer for the unlawful acts of their subordinates, unless there is a statute creating such liability. (*Barker* v. *Chicago, Peoria and St. Louis Railway Co.* 243 Ill. 482; *Robertson* v. *Sichel,* 127 U. S. 507, 32 L. ed. 203; *Cardot* v. *Barney,* 63 N. Y. 281, 20 Am. Rep. 533; *Ketterer* v. *State Board of Control,* 131 Ky. 287, 115 S.W. 200; *McKenna* v. *Kimball,* 125 Mass. 555, 14 N.E. 789; *Michael* v. *Smith,* 188 Calif. 199, 205 Pac. 113; *Smith* v. *Olander,* 251 Mich. 503, 232 N.W. 364; note 1 A.L.R. 222.) From the foregoing it will appear that there could be no personal liability upon the part of appellant Ernest Palmer.

We have purposely refrained from reciting the evidence or the conclusions which might be drawn therefrom, because as to certain of the appellants the cause must be remanded to enable them to introduce evidence in their

defense if they so elect. After careful consideration of the questions involved and of the evidence relating to appellant Ernest Palmer, it is our conclusion that the judgment of the Appellate Court should be reversed and the superior court affirmed as to Palmer, and that the judgment of the Appellate Court as to the other appellants, be reversed, and the cause remanded to the superior court with directions to proceed in accordance with the views expressed herein.

> *Appellate Court reversed and superior court affirmed as to Palmer.*
> *Appellate Court reversed and cause remanded as to other appellants.*