ROGER LEGER *v.* CHARLES F. KELLEY ET AL.

SUPERIOR COURT     NEW LONDON COUNTY     FILE NO. 22199

Memorandum filed October 13, 1954.

*Suisman & Shapiro,* of New London, for the plaintiff.

*William L. Beers,* attorney general, and *Louis Weinstein,* assistant attorney general, of Hartford, for the named defendant.

*McGuire & McGuire,* of New London, for the defendant The Stonington Auto Station.

ROBERTS, J.   The plaintiff, a minor, brings this action by his mother as next friend against Charles F. Kelley and The Stonington Auto Station.   He claims damages for injuries, alleged to have been caused from broken glass in the windshield of his

father's automobile, received on May 15, 1953, while a passenger in a 1938 Chrysler passenger automobile owned and operated by his father when it was in collision with another automobile.

In the first count the plaintiff alleges that the defendant Kelley was negligent in that he is alleged to have originally accepted an application and caused or permitted said automobile to be registered on December 23, 1952, and granted a renewal registration on or about February 28, 1953, although the automobile was manufactured after July 1, 1937, and was not equipped in its windshield with approved safety glass as provided in § 2447 of the General Statutes (as amended, Cum. Sup. 1953, § 1033c). In the second count damages are claimed against the defendant Stonington Auto Station based upon misrepresentation and breach of warranty.

The defendant Kelley demurs to the complaint on several grounds which are divided into three parts. The first part of the demurrer is addressed to the complaint in so far as it purports to state a cause of action against the defendant as commissioner of motor vehicles. The grounds stated in substance are that in attempting to sue the defendant as commissioner of motor vehicles it is in effect a suit against a state without its consent, and further that it is not alleged that the state has authorized the plaintiff to sue this defendant as an administrative officer of the state.

Plaintiff's counsel in argument claim that the suit is against Kelley individually and disclaim any intention of suing him as commissioner of motor vehicles, an administrative officer. While it is true that the writ and complaint in general does refer to him by name only, yet in paragraph 1 it is alleged that he "was the duly appointed, qualified and active commissioner of motor vehicles within and for the State of Connecticut." Furthermore the alleged

negligence is claimed to be based upon a breach of duty in the performance of § 2447. That section refers only to the commissioner of motor vehicles as such.

It is fundamental that no suit will lie against the state without its consent unless specifically allowed by statute. In *Munson* v. *MacDonald,* 113 Conn. 651, 660, the court said: "As highway commissioner he would be a proper party to the appeal for a reassessment but no action for damages would lie against him in his representative capacity for acts done in pursuance of his duty as a State officer."

In so far as the complaint by its allegations appears to state a cause of action for damages against the defendant Kelley as commissioner of motor vehicles in his representative capacity, the grounds of demurrer in this respect are sound.

The next part of the demurrer is addressed to the complaint in so far as it purports to state a cause of action against the defendant Kelley individually. As indicated above, plaintiff's counsel claim that the suit is against the defendant Kelley individually. The grounds stated in substance are that the proximate causal connection between the alleged violation of duty and the injuries is not sufficiently alleged, and that the alleged breach of duty is one owed to the public generally rather than to this plaintiff individually.

It is essential that it appear that the violation of the statute was the proximate cause of the injury sustained. *Feehan* v. *Slater,* 89 Conn. 697, 701; *Genishevsky* v. *Fishbone,* 109 Conn. 58, 60. A plaintiff must not only prove a violation of the statute concurrent with the injury but also that a condition to which the statute directly relates had a causal connection with his injuries. *Knybel* v. *Cramer,* 129 Conn. 439, 444. The allegations of the complaint as it now stands are not sufficient in this regard.

No case directly in point in Connecticut or elsewhere has been cited or found on the question whether a defendant holding a state office as commissioner of motor vehicles can be held liable individually in negligence. The question must be approached from general legal principles. The statute, § 2447, referred to in the complaint has been amended in subsection (a) thereof by § 1033c of the 1953 Cumulative Supplement, which reads in part as follows: "The commissioner of motor vehicles shall not register any motor vehicle manufactured after July 1, 1937, unless the windshield, the doors, windows and glass partitions are equipped with safety glass of a type approved by him. . . ."

The rule of official responsibility appears to be that "if the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed, if at all, in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it, or to perform it properly, is an individual wrong, and may support an individual action for damages. The failure of a public officer to perform a public duty can constitute an individual wrong only when some person can show that in the public duty was involved also a duty to himself as an individual, and that he has suffered a special and peculiar injury by reason of its nonperformance." 2 Cooley, Torts (4th Ed.) p. 385; see also 43 Am. Jur. 84.

The law seems to be clear that if the duty discharged is a public duty and not a duty which the individuals owe to any particular person, then by their negligence or wanton or wilful omission in the performance of this public duty, the officers are not liable except to the state. *People of State of Illinois*

*for use of Trust Co. of Chicago* v. *Maryland Casualty Co.,* 132 F.2d 850, 852. "Before he [an officer] can be made liable for omitting to do something, the obligation to do it must be absolute, specific and imperative. The duty must also be one owing to the person injured by his nonfeasance." 2 Shearman & Redfield, Negligence (Rev. Ed.) p. 804; see also *Budrow* v. *Lynch,* 7 Conn. Sup. 318-320. The statutory duty must be owing to the person injured, and not to someone else in order that a violation thereof shall constitute actionable negligence. *Longstean* v. *Owen McCaffrey's Sons,* 95 Conn. 486, 494.

An examination of the statutes discloses that in addition to said § 2447 as amended, § 2361 also provides that the commissioner of motor vehicles shall refuse to register any motor vehicle which fails to conform to a number of regulations prescribed therein. It would seem that it can hardly be claimed that it was the intent of the legislature to make the commissioner of motor vehicles respond in damages to anyone injured if there was a failure to comply with the statutes in each of these several instances, including § 2447.

Section 2361 also further provides "Said commissioner shall refuse to register . . . any motor vehicle when he shall have knowledge that the equipment of such motor vehicle fails to comply with the provisions of this chapter. . . ." This latter provision would encompass § 2447, now under discussion. The court can take judicial notice that the application for registration of a passenger motor vehicle in use in 1952 contained only the information of "Year of Model" to in any way inform the commissioner concerning the matter of safety glass or year of manufacture as contained in § 2447.

In view of such circumstances it can hardly have been the intention to make the commissioner of motor vehicles individually respond to this plaintiff

in damages unless it appeared that he had knowledge that the equipment failed to comply with the provisions of § 2447 and that he owed a duty to this plaintiff individually because of it. The complaint does not so allege.

Plaintiff's counsel argue that this presents a case of a ministerial duty owed by the commissioner of motor vehicles to the plaintiff, similar to a duty owed by a town clerk. Town clerks as recorders of deeds, and in certain other capacities, sheriffs, notaries public and the like who receive compensation from individuals, rather than from the public treasury, for their services may well be liable in damages to such individuals. Offices, such as recorders of deeds, though created for public benefit, have duties which are duties to individuals exclusively, such as recording of deeds performed for individuals for a consideration. Right to a private action on breach of duty follows. 2 Cooley, Torts (4th Ed.) § 303. The instant case, however, does not present such a situation.

The court concludes that any duty owed by the commissioner of motor vehicles under this section is a public duty and he is liable only to the state for a nonperformance thereof, and that, even having in mind the provisions of § 2447 (b), he should not be held to respond in damages to this plaintiff as an individual.

The third part of the demurrer is addressed to the complaint in so far as it purports to hold this defendant liable for the acts of his agents or servants in registering the automobile in question. The grounds stated in substance are that the defendant is a state officer and the so-called agents and servants were subordinate state employees, that the rule of respondeat superior does not apply unless the defendant personally directed or ordered them to

register this particular automobile or knew that they had so done.

The settled rule appears to be that public officials are exempt from liability to answer for the unlawful acts of their subordinates, unless there is a statute creating such liability. *Reiter* v. *Illinois National Casualty Co.*, 397 Ill. 141; 81 C.J.S. 1040. There is no allegation to the effect that the defendant personally directed or authorized the registration on the part of his agents or servants to bring the situation within an exception to the general rule. *Ely* v. *Parsons,* 55 Conn. 83, 100; *Wadsworth* v. *Middletown,* 94 Conn. 435, 442. The appointment and control of the so-called agents and servants or employees working in the several motor vehicle offices is largely governed by the merit system. They cannot be considered private employees of the commissioner of motor vehicles. There should be no exception to the general rule in this instance.

The demurrer is well taken in this respect.

For the foregoing reasons the demurrer is sustained on all grounds.