FELIX COURNOYER ET AL. *v.* NEIL A. DAYTON,
SUPERINTENDENT, MANSFIELD STATE
TRAINING SCHOOL AND HOSPITAL

SUPERIOR COURT          TOLLAND COUNTY          FILE No. 6822

Memorandum filed February 7, 1956.

*Davis, Lee, Howard & Wright,* of Hartford, for the plaintiffs.

*John J. Bracken,* attorney general, and *Louis Weinstein,* assistant attorney general, of Hartford, specially, for the defendant.

KING, J. This was an action claiming damages for personal injuries claimed to have been sustained by the named plaintiff in a fall into a concealed manhole located on the premises of the Mansfield State Training School and Hospital. The writ named as defendant "Neil A. Dayton, M.D., Superintendent of the Mansfield State Training School and Hospital."

The defendant, appearing specially by the attorney general, pleaded to the jurisdiction and in abatement on the basic ground that he was sued not as an individual but in his official capacity as superintendent of the Mansfield State Training School and Hospital, admittedly a state institution; that such a suit is in

effect a suit against the state; and that in the absence of any consent the state is immune from suit, thereby leaving the court without jurisdiction to entertain the proceeding.

The plaintiffs quite properly do not question the accuracy of the defendant's claim that no such action as here alleged would lie against the defendant in his capacity as superintendent of a state institution. *Munson* v. *MacDonald,* 113 Conn. 651, 660; *Leger* v. *Kelley,* 19 Conn. Sup. 167, 169; s.c., 142 Conn. 585, 588. Thus the instant controversy is reduced to the question as to whether the defendant is sued as an individual, as the plaintiffs now claim, or as a representative of the state, as the defendant claims.

The solution of this question turns on the proper interpretation of the writ and complaint considered as a whole. *Leger* v. *Kelley,* 142 Conn. 585, 588. Here the writ, unlike that in the *Leger* case, does add after the defendant's name the descriptive matter "M.D., Superintendent of the Mansfield State Training School and Hospital." It is true that a technically correct form, if the plaintiffs intended to sue the defendant in his representative capacity, would have been to add, after his name, "as he is the Superintendent etc.," or some equivalent phrase such as "in his capacity as Superintendent, etc." Practice Book, Forms Nos. 4, 247, 249.

Paragraph one of the complaint alleges that the defendant was superintendent of the institution and "as such was in possession and control of" its property. This goes far to show that the action was brought against the defendant in his official capacity.

The method pursued in the writ of adding the professional degree and the occupation of Dr. Dayton to his name is entirely unknown to our practice and of course could not be, and was not, claimed to have

been necessary to avoid uncertainty as to the identity of the defendant, especially in this case where the defendant is as prominent and widely known as is Dr. Dayton. See 42 Am. Jur. 18, § 17. The only rational explanation of the insertion of the foregoing descriptive matter in the writ, especially when considered in conjunction with the above-quoted allegations of paragraph one of the complaint, is that an attempt was originally made to sue Dr. Dayton in his representative capacity as an officer of the state. See *Goodrich* v. *Alfred,* 72 Conn. 257, 261. In view of the liberality allowed in merely technical inaccuracies where it is obvious that the correct person was served and adequately notified of the suit against him, it is abundantly clear that effectively, even if crudely, the process sufficed to, and did, make Dr. Dayton a defendant in his representative, rather than in his individual, capacity. *Rusch* v. *Cox,* 130 Conn. 26, 34; *Reilly* v. *Pepe Co.,* 108 Conn. 436, 449; *World Fire & Marine Ins. Co.* v. *Alliance Sandblasting Co.,* 105 Conn. 640, 642; *Egan* v. *H. L. Green Co.,* 9 Conn. Sup. 306, 309.

It follows that the defendant's plea in abatement and to the jurisdiction is sound, and should be, as it is, sustained and the action dismissed for lack of jurisdiction.