**AMERICAN FIDELITY & CASUALTY CO.,
Inc., v. SERVICE OIL CO., Inc., et al.
Civ. A. No. 762.**

District Court, W. D. South Carolina,
Spartanburg Division.

June 7, 1947.

Osborne, Butler & Moore, of Spartanburg, S. C., for plaintiff.

E. W. Johnson, of Spartanburg, S. C., for defendant Service Oil Co., Inc.

Odom, Bostick & Nolen, of Spartanburg, S. C., for defendant War Emergency Co-Operative Ass'n.

Perrin, Tinsley & Perrin, of Spartanburg, S. C., for defendants Joe L. Montgomery and Mary S. Montgomery.

WYCHE, District Judge.

This is a declaratory judgment action brought by the plaintiff, a Virginia corporation, against defendants, residents of South Carolina, for the adjudication of plaintiff's liability under a policy of public liability insurance issued by the plaintiff to the defendant War Emergency Co-Operative Association. It is now before me upon the motion of the Montgomery defendants to dismiss (in which the other defendants join) on several grounds challenging the jurisdiction of this court, and objecting to interference under the Declaratory Judgment Act with certain actions brought by them against the other defendants in the State Court. Pending the determination of this motion to dismiss, none of the defendants have answered.

In the policy of insurance the plaintiff agreed to indemnify the defendant War Emergency Co-Operative Association against loss from the liability imposed by law upon said defendant arising or resulting from claims upon such defendant for actual damages to persons accidentally receiving bodily injuries, and actual damages to property, by reason of the ownership or maintenance of any motor vehicle referred to in the provisions of the policy, within certain limited amounts, and to defend in the name, and on behalf, of such defendant, any suit brought against it to enforce a claim, whether groundless or not, for damages suffered, or alleged to have been suffered, on account of bodily injuries, or death, or the damage to, or destruction of property, as the result of an accident covered by the provisions of said policy.

Before the institution of this action by the plaintiff the Montgomery defendants had instituted actions in the State Court against the defendants Service Oil Company, Inc. and War Emergency Co-Operative Association for damages on account of personal injuries and property damage alleged to have been sustained by them because of the negligence of such defendants in the operation of a White truck tractor alleged to belong to the defendant Service Oil Company, Inc. and leased to its codefendant War Emergency Co-Operative Association under the provision, alleged in the fourth paragraph of the complaint, "that its

co-defendant, War Emergency Co-operative Association, shall direct, control and manage the use thereof, as if the title to same was vested in it."

The answer of the defendant War Emergency Co-Operative Association to each complaint in these actions, denying all allegations not admitted, admits that it had, under certain terms and conditions and for certain restricted purposes, leased from Service Oil Company, Inc., certain petroleum products transportation equipment, but denies that the White truck tractor referred to in the complaint was, at the time of the collision, being operated by it under the lease, or otherwise, but that the tractor was, at the time of the collision, being operated solely by the defendant, Service Oil Company, Inc., through the agent and servant of the defendant, Service Oil Company, Inc.; that its lease over and right and duty with respect to the operation of the White truck tractor referred to in the complaint, was only while the same was being operated in the actual transportation of petroleum products for compensation, and on the trip during which such collision occurred the said White truck tractor was not engaged in the transportation of any petroleum products, but was, on the contrary, unattached to any trailer or other form of transporting conveyance and was being operated by the defendant, Service Oil Company, Inc., through the paid agent and servant of that defendant for the purpose of going from Spartanburg to Union to pick up and return to Spartanburg an empty petroleum products trailer; that the operator of the tractor was not its agent or servant, at said time and place, but the sole and exclusive agent of the defendant, Service Oil Company, Inc., and that Service Oil Company, Inc. was solely and exclusively operating the same on such trip and at the time and place of the collision; that it had no control over nor right nor duty with respect to the operation of the truck tractor at said time and place, and that it is not liable to the plaintiff in any event.

The answers of the War Emergency Co-Operative Association were prepared by attorneys for the plaintiff and duly verified by an officer of the defendant War Emergency Co-Operative Association, and at the time of the hearing of the motion had been put in the mail addressed to plaintiff's attorneys; however, they had not been served, pending the outcome of a demurrer interposed to the actions in the State Court.

The main contention of the plaintiff in this action is that at the time of the accident the White truck tractor was not being driven or operated by the defendant War Emergency Co-Operative Association or its paid employee, but was being operated by a paid employee of Service Oil Company, Inc., to whom such tractor belonged; that the truck tractor was not at the time of the accident being used for distribution of merchandise for compensation purposes and that accordingly the White truck tractor was not being used at the time of the accident in accordance with the purposes specified in the provisions of the policy and was excluded from the operation and effect of the policy.

It appears to me that the defendant War Emergency Co-Operative Association denies its liability in the State Court on practically the same grounds as those set up by the plaintiff in its action for declaratory judgment. Therefore, when the parties are aligned in accordance with their respective interests, War Emergency Co-Operative Association, a resident of South Carolina, must be aligned with the plaintiff, and the necessary diversity of citizenship, upon which the jurisdiction of this Court depends, is destroyed, since the only remaining defendant, to which there is any issue, the Service Oil Company, Inc., is a resident of South Carolina. State Farm Mut. Ins. Co. v. Hugee, 4 Cir., 115 F.2d 298, 132 A.L.R. 188.

While plaintiff contends that there are allegations in the complaint representing a controversy with War Emergency Co-Operative Association, aside from matters covered by the answers in the State Court to which War Emergency Co-Operative Association has agreed, these allegations appear directly or indirectly to relate to the issues pending in the litigation in the State Court in which the interest of the plaintiff and War Emergency Co-Operative Association appear to be substantially identical.

Under the circumstances of this case as disclosed by the record, the motion

to dismiss should be granted, regardless of the question of jurisdiction. Maryland Casualty Co. v. Boyle Const. Co., 4 Cir., 123 F.2d 558; Indemnity Ins. Co. of North America v. Schriefer, 4 Cir., 142 F.2d 851; State Farm Mut. Automobile Ins. Co. v. Hugee, 4 Cir., 115 F.2d 298, 132 A.L.R. 188; American Auto Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613, 619; United States F. & G. Co. v. Koch, 3 Cir., 102 F.2d 288, 294.

As was said by the Circuit Court of Appeals of the Fourth Circuit in the case of Ætna Cas. Co. v. Quarles, 4 Cir., 92 F.2d 321, 325: "Whether the remedy shall be accorded one who petitions for it is a matter resting in the sound discretion of the trial court, to be reasonably exercised in furtherance of the purposes of the statute. It should not be accorded, however, to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted."

Counsel may submit an order accordingly.