**AMERICAN FIDELITY & CASUALTY CO., Inc., v. SERVICE OIL CO., Inc., et al.**

No. 5655.

Circuit Court of Appeals, Fourth Circuit.

Nov. 18, 1947.

Thomas B. Butler, of Spartanburg, S. C. (Osborne, Butler & Moore, of Spartanburg, S. C., on the brief). for appellant.

L. W. Perrin and F. J. Bostick, both of Spartanburg, S. C. (Perrin, Tinsley & Perrin, Odom, Bostick, Littlejohn & Nolen, and E. W. Johnson, all of Spartanburg, S. C., on the brief), for appellees.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from an order dismissing a suit by the American Fidelity and Casualty Company, a Virginia corporation, against two South Carolina corporations and two citizens of that state, to obtain a declaratory judgment to the effect that there was no liability on one of its public liability policies for a claim then in litigation between the two individual and the two corporate defendants in a South Carolina state court. The District Judge held that upon a proper alignment of parties there was no diversity of citizenship and that, regardless of this, the motion to dismiss should be granted as a matter of discretion on authority of our decisions in Maryland Casualty Ins. Co. v. Boyle Construction Co., 4 Cir., 123 F.2d 558, Indemnity Ins. Co. of North America v. Schriefer, 4 Cir., 142 F.2d 851, and a number of other cases.

The insured in this case is the War Emergency Co-Operative Association, a South Carolina corporation. It had hired from the Service Oil Company, Inc., another South Carolina corporation, and was operating in its business, a tractor-trailer combination for use in the transportation of gasoline. The policy issued by the company to insured covered, by indorsement, hired equipment when used for the purposes set forth in a statement of the policy which provided "the above described automobiles and motor vehicles are and will be used only for transportation of merchandise for compensation purposes." While the tractor was being driven from Spartanburg to Union for the purpose of picking up the trailer it was in collision with the automobile in which Joe L. Montgomery and Mary S. Montgomery, his wife, both citizens of South Carolina, were riding; and they were injured as a result of the collision. Montgomery and wife instituted actions in a state court against the insured and the Service Oil Company to recover damages; and this action for declaratory judgment was thereupon instituted.

Counsel for the company are defending the actions instituted against insured in the state court under a provision of the policy that it will defend any suit brought against the insured to enforce a claim for damages as the result of an accident covered by the provisions of the policy, whether groundless or not. They have prepared answers for filing in the state court which deny liability on the part of the insured on the same principal ground asserted by the company in the suit for declaratory judgment, viz., that the tractor was not being operated by insured at the time of the collision but by the Service Oil Company. They contend, however, that a controversy might arise between the insured and the company with respect to the coverage of the policy if the insured should suffer a recovery on a basis of liability other than that covered by the limitations of the hired car indorsement attached to the policy, and also if there should be a recovery on the basis of operation by the Service Oil Company in an amount exceeding that specified in the certificate filed with the Public Service Commission of South Carolina under section 8511 of the Code. They contend, also, that there is a controversy between the company and the Service Oil Company as to liability for any damages that may be recovered of the latter.

It is clear that, if there is no substantial controversy between the insured and the company, they should be aligned on the same side of the case (State Farmers Mutual Ins. Co. v. Hugee, 4 Cir., 115 F.2d 298, 132 A.L.R. 188; Maryland Casualty Ins. Co. v. Boyle Construction Co., supra); and, as this would place a citizen of South Carolina on the plaintiff's side of the docket, it would defeat jurisdiction whether the Service Oil Company were realigned or not. The potential controversies with insured to which the company points have not yet arisen, and whether they are of sufficient substance to prevent the realignment of the insured we need not stop to inquire; for they are certainly not

of such character as should cause a court to hesitate in declining to exercise the power to grant declaratory relief. After all has been said for the company that can be said, the fact remains that it is obligated to defend the cases which have been instituted against insured in the state court even though they be groundless, that there is no liability now in controversy except that involved in the claims sued on in the state court, and that, if any controversy should subsequently arise between the insured and the company as to the coverage of the policy, it can be litigated as well after the conclusion of the litigation in the state court as now. The same is true of any controversy that may exist with the Service Oil Company. There is no justification, therefore, for the federal court's exercising its declaratory jurisdiction and thus permitting a company which has nothing to do with the controversy which has arisen between citizens of South Carolina, except that it is an insurer of the liability of one of them, to drag into the federal courts litigation which belongs in the state tribunal because the primary questions of liability are between citizens of the same state. Directly in point is our decision in Indemnity Ins. Co. v. Schriefer, 4 Cir., 142 F.2d 851, 853, where we said:

"The damage suit instituted in the state court was one entirely between citizens of the State of Maryland with respect to tort liability, governed by the law of that state, for an automobile collision which had occurred within the state. To have sustained the suit for declaratory judgment would have been to drag this essentially local litigation into the federal courts and to defeat the jurisdiction of the state courts over it merely because one of the parties to the litigation happened to have indemnity insurance in a foreign insurance company. There might have been justification for this, if there had been a real controversy between the company and the assured, which could not be determined by litigation pending in the state court or which it was important to determine before that litigation was brought to hearing; but there was no such controversy. The company admitwas no controversy. The company admitted its duty under the policy to defend the state court action; and, if it prevails in the defense there undertaken, it will admittedly be subject to no further liability under the policy. It claims, however, that even though it should fail in the defense of the action and liability on the part of Mrs. Bauernfeind should be established therein, it still would not be liable under the policy for the reason that Schriefer was an employee of the city, and liability on account of his death is excluded by paragraph (e) above quoted; but this is a defense which, if controverted by the insured, can be asserted as well after the conclusion of the suit in the state court, as it can now, and, if the company prevails in that suit, there will, of course, be no occasion to assert it at all. There could be no possible justification for dragging into the federal court the litigation of the issues pending in the state court, for the sake of obtaining a declaratory judgment as to a matter which will have no practical significance if the defendants prevail in the state court, and which the company can litigate as well after the termination of the state court litigation as now, if the defendants do not prevail. Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620; Maryland Casualty Co. v. Boyle Construction Co., supra, 4 Cir., 123 F.2d 558."

■ There is a distinction between the jurisdiction of a court to grant declaratory relief (see Stephenson v. Equitable Life Assurance Society, 4 Cir., 92 F.2d 406) and the exercise of discretion pursuant to that jurisdiction. Even though the court have jurisdiction to grant the declaratory relief, it should not exercise the jurisdiction "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted." Aetna Cas. Co. v. Quarles, 4 Cir., 92 F. 2d 321, 325. We attempted to make the distinction clear in Carbide & Carbon Chemicals Corp. v. United States Industrial Chemicals, Inc., 4 Cir., 140 F.2d 47, 49, where we said:

"As we have pointed out a number of times, the pendency of a prior suit involving the same issues does not require the dismissal of a suit for declaratory judg-

ment. Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665; Piedmont Fire Ins. Co. v. Aaron, 4 Cir., 138 F.2d 732. The granting of declaratory relief, however, is a matter resting in the sound discretion of the court; and the discretion is properly exercised when it appears that because of the pendency of another suit the suit for declaratory relief will serve no useful purpose. Aetna Casualty & Surety Co. v. Quarles, supra; Maryland Casualty Co. v. Boyle Const. Co., 4 Cir., 123 F.2d 558; Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620. Ordinarily, the court first acquiring jurisdiction of a controversy should be allowed to proceed with it without interference from other courts under suits subsequently instituted."

As said by the Supreme Court in Brillhart v. Excess Ins. Co., 316 U.S. 491, 494, 495, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620:

"Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, 28 U.S.C.A. § 400, it was under no compulsion to exercise that jurisdiction. The petitioner's motion to dismiss the bill was addressed to the discretion of the court. Aetna Casualty Co. v. Quarles, 4 Cir., 92 F.2d 321; Maryland Casualty Co. v. Consumers Finance Service, 3 Cir., 101 F.2d 514; American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613; see Note, 51 Yale L.J. 511. Compare Canada Malting Co. v. Paterson Co., 285 U.S. 413, 422-23, 52 S.Ct. 413-15, 76 L.Ed. 837; Douglas v. N. Y., N. H. & H. R. Co., 279 U.S. 377, 49 S.Ct. 355, 73 L. Ed. 747. The motion rested upon the claim that since another proceeding was pending in a state court in which all the matters in controversy between the parties could be fully adjudicated, a declaratory judgment in the federal court was unwarranted. The correctness of this claim was certainly relevant in determining whether the District Court should assume jurisdiction and proceed to determine the rights of the parties. Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."

The judgment appealed from will be affirmed.

Affirmed.