# AMERICAN CASUALTY CO. OF READING, PA. v. HOWARD et al.

Civil Action No. 899.

United States District Court
W. D. South Carolina, Greenville Division.

Dec. 1, 1948.

Haynsworth & Haynsworth and W. Francis Marion, all of Greenville, S. C., for plaintiffs.

984

J. Wilbur Hicks, of Greenville, S. C., for F. C. Roberts, Sr., individually and as administrator of George Roberts' estate and Mrs. Broadess S. Roberts.

Leatherwood & Walker, of Greenville, S. C., for Elaine H. and Elias Howard.

WYCHE, Chief Judge.

In this case the plaintiff seeks to obtain a declaratory judgment, new 28 U.S.C.A. §§ 2201, 2202, adjudicating plaintiff's liability under an automobile liability insurance policy. The case is now before me upon motion of the defendants to dismiss on several grounds challenging the jurisdiction of this court and objecting to interference under the Declaratory Judgments Act with certain actions pending in the State Court.

The plaintiff is a citizen of the State of Pennsylvania and is engaged in the business of writing automobile liability insurance. The defendants Elaine H. Howard, Elias Howard, F. C. Roberts, Sr., Individually and as Administrator of the Estate of George Roberts, deceased, and Mrs. Broadess S. Roberts, are residents of Greenville County, South Carolina. The defendant F. C. Roberts, Sr. is the duly appointed administrator of the estate of George Roberts, deceased.

The facts are substantially as follows: The plaintiff issued a standard automobile liability insurance policy to Elaine H. Howard, one of the defendants herein, which policy covered the named insured, and anyone using the car with her permission. While this policy was in force and effect the defendant Elias Howard, while driving the insured automobile with the permission of the named insured, was involved in an automobile-motorcycle accident, as a result of which the driver of the motorcycle, George Roberts, sustained injuries from which he died on May 2, 1947.

Thereafter, on or about October 14, 1947, an action was instituted in the court of common pleas for Greenville County, South Carolina, by F. C. Roberts, Sr., as Administrator of the Estate of George Roberts, deceased, (hereinafter referred to as "the Administrator") against Elias Howard, to recover damages in the sum of $50,000 for the wrongful death of George Roberts, for the benefit of his mother and father, under the provisions of Sections 411, 412, Code of Laws of South Carolina 1942. Prior to the filing of such action the attorneys for the plaintiff in representing Elias Howard had negotiations with attorneys for the Administrator as to the possibility of settlement. After suit was filed by the Administrator these negotiations were continued, resulting in an offer by the attorney for the Administrator to settle in full for $5000. This offer was declined by the plaintiff. $5000 was the policy limit of liability of the plaintiff arising out of the death of the deceased George Roberts. For this reason, attorneys for Elias Howard demanded that the plaintiff accept the offer to settle for $5000, in order that Elias Howard might thereafter be relieved from further liability or responsibility in connection with the accident, and notified the plaintiff that if the offer was not accepted and a settlement was not made upon this basis, he would expect the plaintiff to assume full responsibility for the result of a trial, regardless of whether or not a verdict was returned in excess of the policy limits. The plaintiff again declined to accept the offer to settle, and upon trial of the case on June 29, 1948, a verdict was returned for the Administrator against Elias Howard in the amount of $7000 damages. A controversy then followed between Elias Howard and the plaintiff as to who should pay the judgment.

On August 20, 1948, the Administrator began another action against Elias Howard demanding $25,000 damages under what is known in South Carolina as the Survival Statute, § 419, Code of Laws of South Carolina 1942. In such action it was sought to recover damages for pain and suffering of the deceased Roberts from the time of the accident until his death, and was brought for the benefit of the Estate of George Roberts, deceased, and this action is now pending in the State Court.

On September 1, 1948, the plaintiff began the present action for declaratory judgment against the defendants herein.

On September 10, 1948, the plaintiff paid to the Administrator the sum of $5000, and the Administrator then issued execution against Elias Howard, and Elias Howard

paid the balance of $2000 due under the judgment rendered in the case brought by the Administrator for damages for the wrongful death of George Roberts.

On September 17, 1948, the defendants filed the motion to dismiss this action for declaratory judgment.

On September 24, 1948, Elias Howard filed an action against the plaintiff to recover the $2000 which he had paid the Administrator in settlement of the balance due upon the judgment entered against him. At a later date the plaintiff made a motion to dismiss the action by Elias Howard against it pending in the court of common pleas for Greenville County, on the ground that the question therein involved was already in litigation in this court. So far as I am advised no action has been taken on this motion.

The provisions of the policy of insurance are in part as follows:

against the insured after actual trial or by written agreement of the insured, the claimant and the company.

"Any person or organization * * * who has secured such judgment * * * shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing * * * in this policy shall give any person * * * any right to join the company * * * in any action against the insured to determine the insured's liability."

The Declaratory Judgments Act, old 28 U.S.C.A. § 400, read as follows: "In cases of actual controversy * * * the courts of the United States *shall have power* * * * to declare rights and other legal relations of any interested party petitioning for such declaration, * * * and such declaration shall have the force and effect of a final judgment * * *." (Emphasis added)

| Coverages | Limits of Liability | Premiums |
|---|---|---|
| A Bodily Injury Liability | $5,000.00 each person | |
| | $10,000.00 each accident | $13.50 |
| B Property Damage Liability | $5,000.00 each accident | $ 5.25 |

Page 2 relating to insuring agreements provides as to Defense, Settlement and Supplementary Payments as follows:

"As respects such insurance * * * under coverages A and B the company shall

"(a) defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; * * *

"The company agrees to pay the amounts incurred under this insuring agreement, except settlements of claims and suits, in addition to the applicable limit of liability of this policy."

Section 11 of "Conditions" on page 3 of the policy provides:

"Action Against Company.

"Coverages A and B. No action shall lie against the company unless, as a condition precedent thereto, * * * the amount of the insured's obligation to pay shall have been finally determined either by judgment

*New* Title 28 U.S.C.A. § 2201, effective September 1, 1948, reads as follows: "In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, *may declare* the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." (Emphasis added)

Basically, jurisdiction in a declaratory judgment action is the same as in ordinary removal cases. However, it has one distinct limitation which does not prevail under the removal statute, and that is, that the application for declaratory judgment is addressed to the sound judicial discretion of the court. Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; American Fidelity & Casualty Co. v. Service Oil Co., 4 Cir., 164 F.2d

478; Id., D.C., 71 F.Supp. 932. New Title 28 does not repeal that discretion.

■ The Declaratory Judgments Act does not add to the jurisdiction of this court, "but is a procedural statute which provides an additional remedy for use in those cases and controversies of which the federal courts already have jurisdiction." Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 323; Mutual Life Ins. Co. of New York v. Moyle, 4 Cir., 116 F.2d 434; D.C., 34 F.Supp. 127.

■ To give the court jurisdiction under the removal statute, as well as under the Declaratory Judgments Act, there must be a diversity of citizenship and jurisdictional amount. In addition to this, in an action for declaratory judgment there must be a proper issued involved, an actual controversy and a justiciable issue. Another difference is that in an action for declaratory judgment, the court has and exercises a wide discretion in realigning the parties in accordance with their interest in each issue presented. American Fidelity & Casualty Co. v. Service Oil Co., 4 Cir., 164 F.2d 478; Id., D.C., 71 F.Supp. 932; Maryland Casualty Co. v. Boyle Const. Co., 4 Cir., 123 F.2d 558.

In this case the complaint demands that this court adjudicate the rights of the parties with respect to the insurance policy; that the insurer be allowed to pay the $5000.00 limit of its policy upon the judgment rendered in the action for the wrongful death of George Roberts, deceased, into this court, and be relieved of further obligation in that respect; and that it be relieved of defending the action brought by the Administrator for damages for pain and suffering under the South Carolina Survival Statute. The insurance contract is attached to the complaint. It is a standard automobile liability insurance policy. The complaint contains no allegations of ambiguity in the policy, or of fraud respecting the making of the contract, or of any disagreement as to its meaning, or of any other facts raising an issue for interpretation by the court. The validity of the policy is not involved in this action. Nothing of this kind has been suggested in the written or oral argu-

ments, and none of the issues which have been suggested or argued arise out of disagreement as to the meaning of the contract. The action brought by Elias Howard against the plaintiff for damages is based on the theory that plaintiff improperly defended the action brought by the Administrator for the wrongful death of George Roberts by speculating on the outcome of that case to its own advantage, and, therefore, should be held responsible for any adverse result. The question involved in that controversy must be governed by the South Carolina Law. The South Carolina Supreme Court has already passed upon the question of liability in such a case. Tyer River Pines Co. v. Maryland Casualty Co., 170 S.C. 286, 170 S.E. 346. So, the question involved in that controversy is one of fact and not one involving the construction of the insurance contract.

Plaintiff has been called upon to defend the action for pain and suffering brought by the Administrator under the South Carolina Survival Statute, and has undertaken to do so. This demand may be based upon some alleged negligence in connection with the defense of the action brought by the Administrator for the wrongful death of George Roberts, but the policy plainly provides that plaintiff is to defend any suit alleging injury or destruction, even if such suit is groundless, false or fraudulent. There is nothing ambiguous about this provision of the insurance contract.

■ The action brought by the Administrator for damages for the wrongful death of George Roberts, deceased, against Elias Howard was an ordinary action for damages presenting an issue between citizens of South Carolina, and they were the only necessary, proper or permissible parties. There was no diversity of citizenship, therefore, no possibility or attempt to remove. At that time plaintiff was on notice of its duty to defend that action. The plaintiff was not known or allowed on the official record in that case. There was no issue between the Administrator and the plaintiff. In fact, there was no issue between Elias Howard and the plain-

tiff. They had a common interest, which was to defend that action. After verdict and judgment the amount due became fixed, and as between the Administrator and Elias Howard the issue was whether or not Elias Howard would pay; as between Elias Howard and plaintiff, by virtue of the existing insurance contract, then unknown to the Administrator, except as a matter of inference, there was an issue as to whether or not Elias Howard would force the plaintiff to pay the judgment. The Administrator had no direct interest in the issue between Elias Howard and the plaintiff, but was indirectly interested because if the judgment had not been paid the Administrator would have attempted to realize on the contract of insurance as an asset in the hands of Elias Howard to the extent of any rights of Elias Howard against the plaintiff. But the judgment has been paid in full, and therefore, the Administrator has no claim against Elias Howard, and no further actual interest in his assets at this time. The issue as to the judgment and its payment was then entirely between Elias Howard and plaintiff, but plaintiff has paid $5000 on the $7000 judgment, thereby reducing the amount which Elias Howard claims against it to $2000, and though there is diversity of citizenship between these two parties, there is not a sufficient amount to sustain federal jurisdiction.

The action by the Administrator for the wrongful death of George Roberts was brought for the benefit of the father, F. C. Roberts, Sr., and the mother, a defendant herein, Mrs. Broadess S. Roberts. The judgment in that case has been paid, so defendant Mrs. Broadess S. Roberts, and the father, F. C. Roberts, Sr., individually, are no longer necessary or proper parties to any further proceedings. After the payment of the judgment had been made, there was left a controversy between Elias Howard and the plaintiff in which only $2000 was involved, which is not enough to sustain federal jurisdiction, and a controversy in which the Administrator is not a party, and has no present interest. I say, no present interest, because, while the Administrator is not interested in who bears the loss of

$2000, he would be interested should there be an attempt to apply the decision in that case so as to make it govern in any future right accruing to him under the action brought by him under the South Carolina Survival Statute. But there appears to be no actual controversy between plaintiff and the defendants respecting the action brought by the Administrator against Elias Howard under the South Carolina Survival Statute. As in the other action, the Administrator and Elias Howard are the only proper or permissible parties to such action. The action is for the benefit of the estate of George Roberts, deceased, and must be brought in the name of the Administrator. There is no theory upon which the plaintiff could be joined as a party under the South Carolina law. However, plaintiff brings the present action asking for a declaratory judgment, alleging a contract between the plaintiff and Elias Howard in which it is alleged the Administrator is interested and therefore joined as a party defendant. The Administrator is not interested in who defends the action. The Administrator is asserting a claim which he wishes to prove. It is the interest of Elias Howard, and the duty of plaintiff under its policy, to join in a common defense against that claim. The interest of the Administrator is to recover, and that of Elias Howard and plaintiff to defeat recovery in such action. This destroys any idea of judicial diversity.

The complaint also suggests that there is an issue between the Administrator and Elias Howard on the one side, and plaintiff on the other, as to who is to pay the $7000 judgment, and for that reason F. C. Roberts, Sr., and Mrs. Broadess S. Roberts are joined as interested parties. This allegation has been rendered meaningless by the payment of this judgment in full as hereinbefore set out. The main contention of the plaintiff in this action seems to be that it is not liable in the action brought by Elias Howard against it in the sum of $2000 damages for negligence in the defense of Elias Howard in the action brought by the Administrator against him for the wrongful death of George Roberts, and plaintiff asks this court so to declare. This issue will be settled

fully in the action now pending in the State Court. Furthermore, as has already been said, the jurisdictional amount is not involved.

If the defense of Elias Howard in the action pending in the State Court for damages under the South Carolina Survival Statute proves successful, then, as far as such action is concerned there can be no further controversy between any of the parties and that matter is ended. In such event, if in the meantime, this court takes jurisdiction of this speculative action for declaratory judgment between Elias Howard and the plaintiff and tries the case, regardless of its outcome, the decision rendered would be moot and meaningless; courts do not adjudicate moot questions. If the Administrator should obtain a verdict for personal property damages and such damages did not exceed the insurance contract limits, the decision of this court would be futile. Should the Administrator submit a new proposition for settling the action brought under the South Carolina Survival Statute, within the bounds and limits of the policy coverage, and this offer be refused, and thereafter the Administrator recover judgment for an amount exceeding the policy limits, or if Elias Howard should claim any actionable impropriety in the plaintiff's defense of the action brought under the South Carolina Survival Statute, any adjudication by this court on the present facts would be premature, hypothetical, advisory, useless and meaningless. In the meantime, the Administrator would have been put to the delay, worry, annoyance and expense of extended litigation in the federal court on matters in which he was not then interested, and which were of no avail to him. He would have been required to make common cause with Elias Howard against the plaintiff in trying a damage suit against plaintiff at a time when the Administrator had no real interest in the matter, and no desire to enter into the controversy. Any question now presented to this court beyond the $2000 damage action between Elias Howard and the plaintiff, which is all that remains from the action for wrongful death, is speculative and hypothetical, does not constitute an actual controversy, and, therefore, as a matter of law, the motion to dismiss should be granted. If I should undertake to adjudge anything beyond the controversy involving $2000 damages between Elias Howard and the plaintiff, I would render a mere opinion advising the parties as to what the law and result would be upon a hypothetical state of facts, which may, or may not, exist in the future. I can determine what facts exist in the present, or have existed in the past, but I cannot determine what facts will exist in the future. Federal jurisdiction depends upon the facts existing at the time suit is commenced and not on what happens thereafter. Ford, Bacon & Davis v. Volentine, 5 Cir., 64 F.2d 800; Mutual Life Ins. Co. of New York v. Moyle, 4 Cir., 116 F.2d 434; Id., D.C., 34 F.Supp. 127; Mutual Life Insurance Company of New York v. Rose, D.C., 294 F. 122.

A controversy, to come within the Declaratory Judgments Act, must be definite and concrete. "It must be a real and substantial controversy admitting of specific relief through a decree of a *conclusive* character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." (Emphasis added) Ætna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 464, 81 L.Ed. 617, 108 A.L.R. 1000; Mutual Life Ins. Co. of New York, v. Moyle, D.C.E.D.S.C.1940, 34 F.Supp. 127. The Act excludes "an advisory decree upon a hypothetical state of facts." Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 473, 80 L.Ed. 688.

Judicial discretion dictates a like conclusion. Should the court take jurisdiction of this case, it would thereby remove from the South Carolina courts issues which originated and are now pending there; issues which can be completely and expeditiously tried there. The result of removal would place undue hardship, expense, delay and frustration, especially on defendant Administrator, and probably on Elias Howard; and for what purpose? To decide speculative issues which may

never arise, or render a decision that may never be applied.

As said by the Supreme Court in Brillhart v. Excess Ins. Co., 316 U.S. 491, 494, 495, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620: "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, *not governed by federal law,* between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." (Emphasis added)

Regardless of the question of jurisdiction, in the exercise of that judicial discretion vested in and expected of this court; that "sound discretion of the trial court, to be reasonably exercised in furtherance of the purposes of the statute," Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 1937, 92 F.2d 321, 325, it is the duty of this court to grant the motion to dismiss this action.