REITER

v.

ILLINOIS NAT. CAS. CO. et al.

No. 11035.

United States Court of Appeals, Seventh Circuit.

June 10, 1954.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff instituted in the District Court a suit for declaratory judgment praying that the court declare that a certain Act of the Legislature of the State of Illinois, Ill.Rev.Stat. of 1933, Chapter 95, § 30 and the Executive Order issued by the Director of Insurance in pursuance thereof, approved by the Governor, are void and unconstitutional under the Constitution of the United States and that of the State of Illinois; that the action of the Supreme Court of Illinois in reversing a judgment in his favor entered by the Illinois Appellate Court on appeal from the Superior Court and remanding the same to the Illinois trial court for the purpose of permitting defendants to offer evidence, is without authority under the laws and Constitutions of the United States and of Illinois; that the seizure of plaintiff's property under said Act is void; that defendants account for the damages incurred by plaintiff; that all actions of the defendants taken with reference to the Illinois National Casualty Company from and after the time of the seizure are void; and that the District Court restrain the State Court from proceeding in the suit there pending under the further order of the court.

The exhibits to the complaint disclosed that in an earlier suit in the State Court plaintiff sought to have the said legislative act, the executive order issued thereunder and the seizure of the property declared void and unconstitutional under the Constitution of the State of Illinois and of the United States. They disclose further that in plaintiff's suit in the State Court, at the close of plaintiff's evidence presented to a master in chancery, defendants' motion for judgment dismissing plaintiff's suit was allowed; that the Illinois Appellate Court reversed this judgment and directed judgment in favor of plaintiff; that the Illinois Supreme Court originally affirmed this judgment but, upon rehearing, reversed

John A. Brown, Chicago, Ill., for appellant.

George C. Bunge, Marvin F. Metge, Paul H. Heineke, Clarence R. Conklin, Chicago, Ill., A. M. Fitzgerald, Walter T. Day, Springfield, Ill., for appellee.

it and remanded the cause to the trial court in order that defendants might be permitted to offer such evidence as they had. Thus, the Supreme Court ultimately declared that the Appellate Court was wrong in directing judgment for plaintiff upon his evidence without affording to defendants the right to present their evidence. Therefore, the cause came back to the Superior Court of Cook County for trial and is there still pending undetermined. A full and complete history of this litigation appears in the Appellate Court and the Supreme Court decisions reported in 328 Ill.App. 234, 65 N.E.2d 830; 291 Ill.App. 30, 9 N.E.2d 358, and 397 Ill. 141, 73 N.E.2d 412.

It is clear, therefore, that the plaintiff's suit in the State Court is still pending; that, in view of the fact that the cause has been referred to a new master, plaintiff must retake the evidence previously submitted and defendants may then present their case. The issues posed in that suit are, so far as the law is concerned, identical with those presented here. Furthermore, the State Court has the right to decide in a suit pending before it whether an Act of the Legislature or an executive order issued in pursuance thereof are in conflict with the Constitution of the United States and whether the seizure of the property conflicts with plaintiff's right under the United States Constitution. Consequently it is obvious that plaintiff can have all the relief to which he is entitled in the State Court, other than his prayer for an injunction against that court included in his complaint for declaratory judgment.

In this situation, defendants filed their motion to dismiss the instant action claiming that that court had no jurisdiction and that, if it did have jurisdiction, it should not exercise the same because of the comity existing between state and federal courts, in view of the fact that a suit is pending in the State Court in which all the relief prayed for can be had. The District Court held that it had jurisdiction but that because of comity it should not exercise it. Consequently the question presented here is whether the court rightfully decided that it should not exercise jurisdiction.

The Supreme Court of the United States has said in Ponzi v. Fessenden, 258 U.S. 254, at page 259, 42 S.Ct. 309, at page 310, 66 L.Ed. 607, at page 611; "We live in the jurisdiction of two sovereignties, each having its own system of courts to declare and enforce its laws in common territory. It would be impossible for such courts to fulfill their respective functions without embarrassing conflict unless rules were adopted by them to avoid it. The people for whose benefit these two systems are maintained are deeply interested that each system shall be effective and unhindered in its vindication of its laws. The situation requires, therefore, not only definite rules fixing the powers of the courts in cases of jurisdiction over the same persons and things in actual litigation, but also a spirit of reciprocal comity and mutual assistance to promote due and orderly procedure." The Court of Appeals for the Fourth Circuit in American Fidelity & Casualty Co. v. Service Oil Co., 164 F.2d 478, at pages 480, 481, said further: " 'There could be no possible justification for dragging into the federal court the litigation of the issues pending in the state court, for the sake of obtaining a declaratory judgment as to a matter which will have no practical significance if the defendants prevail in the state court. * * *' There is a distinction between the jurisdiction of a court to grant declaratory relief and the exercise of discretion pursuant to that jurisdiction. Even though the court have jurisdiction to grant the declaratory relief * * * it should not exercise the jurisdiction 'to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted.' * * * We attempted to make the distinction clear in Carbide & Carbon Chemicals Corp. v. United States Industrial Chemicals, Inc.,

4 Cir., 140 F.2d 47, 49, where we said: 'As we have pointed out a number of times, the pendency of a prior suit involving the same issues does not require the dismissal of a suit for declaratory judgment. * * * The granting of declaratory relief, however, is a matter resting in the sound discretion of the court; and the discretion is properly exercised when it appears that because of the pendency of another suit the suit for declaratory relief will serve no useful purpose. * * * Ordinarily, the court first acquiring jurisdiction of a controversy should be allowed to proceed with it without interference from other courts under suits subsequently instituted.' " (Citations omitted.)

As said by the Supreme Court in Brillhart v. Excess Ins. Co., 316 U.S. 491, 494–495, 62 S.Ct. 1173, 1175, 86 L. Ed. 1620: "Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, 28 U.S.C.A. § 400, it was under no compulsion to exercise that jurisdiction. The petitioner's motion * * * rested upon the claim that since another proceeding was pending in a state court in which all the matters in controversy between the parties could be fully adjudicated, a declaratory judgment in the federal court was unwarranted. * * * Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." See also the language of American Automobile Insurance Co. v. Freundt, 7 Cir., 103 F.2d 613, 617, as follows: "In the instant case the legal justification for refusal to exercise jurisdiction may be found in the legislative purpose of the grant of power as well as the more general considerations of comity as between federal and state courts. The Supreme Court has held

that the Declaratory Judgment Act is not jurisdictional but procedural only; and that it merely grants authority to courts to use a new remedy in causes over which they have jurisdiction. * * * The wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum. It was not intended by the act to enable a party to obtain a change of tribunal and thus accomplish in a particular case what could not be accomplished under the removal act".

In view of those authorities, we think there can be no question that it was not an abuse of discretion on the part of the District Court to refuse to grant declaratory relief on the ground of comity, inasmuch as a suit seeking the same relief is pending in the State Court.

Plaintiff seems to argue that the rule which we have invoked should not apply here for the reason that he is seeking a declaratory judgment provided under the laws and Constitution of the United States. We have some difficulty in following his reasoning but, as we interpret it, it is, in its essence, to the effect that the Declaratory Judgment Act increased the jurisdiction of the District Court. But, under the authorities quoted, that Act did not increase the substantive rights of anybody. It merely furnished a procedural remedy which did not previously exist. It granted authority to employ a new remedy in enforcing a cause of action for which there was previously a remedy only at a different time; it did not increase in anywise the jurisdiction of the United States District Court over the substantive rights of litigants or create new causes of action. American Automobile Insurance Company v. Freundt, 7 Cir., 103 F. 2d 613; Maryland Casualty Company v. Boyle Const. Co., Inc., 4 Cir., 123 F.2d 558.

Plaintiff also appeals from a decision of the District Court in the same cause quashing service of process upon

defendant Barr. Barr is a resident of the State of California. He was served in that state upon a summons issued by the trial court. However, later he moved to quash the service and this motion the court allowed. Plaintiff insists in this respect that the court had jurisdiction of Barr, and should not have quashed the summons. In view of our conclusion that the court rightfully dismissed the entire suit because of pendency of the suit in the State Court, the disposition as to Barr is of little importance. However, it should be observed that the court properly quashed the service of process. Rule 4(f) of Federal Rules of Civil Procedure, 28 U.S.C.A., is as follows: "All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held and, when a statute of the United States so provides, beyond the territorial limits of that state. A subpoena may be served within the territorial limits provided in Rule 45." The courts have held, without exception, that process served beyond the territorial limits of the state in which the District Court is held is invalid unless there is specific provision for such service by virtue of some statute. Blank v. Bitker, 7 Cir., 135 F.2d 962, 964; Thompson v. Temple Cotton Oil Co., D.C., 2 F.R.D. 373, 375; Felgemaker v. Ocean Accident & Guarantee Corp., D.C., 47 F.Supp. 660, 661. The present case does not come within any exception to the rule provided by any statute of the United States. Consequently the District Court was bound and we are bound by the general rule. Although Congress has the power to authorize a suit under federal law to be brought in the United States District Court and to provide that process may run to any part of the United States, it has never done so. Consequently service in California of a summons issued by the District Court in Illinois, when specifically objected to, is insufficient to justify the court taking jurisdiction of the person served. Such was the effect of our decision in Blank v. Bitker, 7 Cir., 135 F.2d 962, 964 and of the Tenth Circuit in Howard v. United States ex rel. Alexander, 126 F.2d 667.

In view of our disposition of the case on the grounds stated, we have no occasion to consider further points as the dismissal was a proper effective disposition of the litigation. The judgment is affirmed.