Sam GREEN, individually and Sam Green d/b/a Multiple Sports News Service, Petitioner,

v.

STATE ex rel. Earl FAIRCLOTH, as Attorney General of the State of Florida, Respondent.

SINGAPORE, J.V., INC., a Florida corporation, Petitioner,

v.

STATE ex rel. Earl FAIRCLOTH, as Attorney General of the State of Florida, Respondent.

The AZTEC MOTEL, INC., a Florida corporation, Petitioner,

v.

STATE ex rel. Earl FAIRCLOTH, as Attorney General of the State of Florida, Respondent.

Gerald METZ, individually and J & B Auto Wreckers, Inc., a Florida corporation, Petitioner,

v.

STATE ex rel. Earl FAIRCLOTH, as Attorney General of the State of Florida, Respondent.

Nos. 69–1306–Civ–CA, 70–3–Civ–CA, 70–4–Civ–CA and 70–29–Civ–CA.

United States District Court, S. D. Florida.

Aug. 21, 1970.

James C. Shepherd and John E. Bassett, Miami, Fla., for plaintiffs Sam Green and others.

E. David Rosen, Miami, Fla., for plaintiffs Singapore, J.V., Inc. and Aztec Motel.

John E. Bassett, Miami, Fla., for plaintiffs Gerald Metz and others.

Eugene P. Spellman, Miami, Fla., for defendant.

Before DYER, Circuit Judge, ATKINS and EATON, District Judges.

DYER, Circuit Judge:

The Attorney General of Florida has brought a group of civil actions in the state circuit courts against certain corporations pursuant to a newly enacted statutory scheme, Florida Statutes 932.-58–932.60, F.S.A., which authorizes the Attorney General to bring a civil action for forfeiture of the corporate charter of any corporation organized in Florida or for revocation of the permit authorizing a foreign corporation to conduct business in Florida: when any of the corporation's management, with the knowledge of the president and a majority of the board of directors, is engaged in activities such as organized overthrow of the Florida government, organized homosexuality, organized prostitution, organized gambling, organized narcotics, etc., or is connected directly or indirectly with organizations, syndicates or criminal societies engaging in such activities; or when a director, employee, agent or stockholder acting for, through or on behalf of the corporation, in conducting the corporation's affairs, engages in similar activities with the knowledge of the president and a majority of the board of directors.

Subsequent to the institution of these suits in the state courts, the defendant corporations (along with their officers and some of the shareholders) in four of the suits filed complaints in federal court seeking a declaration that F.S. §§ 932.58–932.60, F.S.A. are unconstitutional and injunctions against continued enforcement of these sections and against the pending state proceedings. Jurisdiction is founded on 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1343(3). Since the complaints seek an injunction against enforcement of a state statute, a three-judge court was convened pursuant to 28 U.S.C.A. §§ 2281 and 2284. The court has determined that at least some of the constitutional questions presented are substantial and that jurisdiction of the three-judge court has been properly invoked. *See, e. g.,* Ex parte Bransford, 1940, 310 U.S. 354, 60 S.Ct. 947, 84 L. Ed. 1249.

Finding that there is a final, appealable judgment in the state court proceedings in one of the cases, *Aztec,* No. 70–4, we dismiss that case for lack of jurisdiction on the authority of Paul v. Dade County, 5 Cir. 1969, 419 F.2d 10. In view of the prior pendency of proceedings in the state courts where all issues raised herein can be determined, we exercise our discretion to decline the exercise of jurisdiction and, accordingly, dismiss the remaining three cases as well.

*Lack of jurisdiction in No. 70–4*

Because federal courts have no jurisdiction to review decisions of state courts, "A federal district court is without jurisdiction to hear federal constitutional claims already litigated in state courts when there is already a final, appealable judgment by a state court at the time the federal suit is instituted." Paul v. Dade County, *supra,* at 13. On December 9, 1969, the Dade County Circuit Court denied Aztec's motion to dismiss the state suit for forfeiture of Aztec's corporate charter. Aztec's motion in that court was based, *inter alia,* on the unconstitutionality of F.S. §§ 932.-58–932.60, F.S.A on state and federal grounds. The denial of the motion was therefore a holding that these sections are constitutional. The denial of the motion is now on interlocutory appeal to the Supreme Court of Florida.

The complaint in the *Aztec* federal suit, No. 70–4, was filed January 2, 1970, after the entry of the order by the Dade County Circuit Court holding the

statutes in question constitutional. Therefore, if the denial of the motion to dismiss is "a final, appealable judgment" within Paul v. Dade County, *Aztec* should be dismissed for lack of jurisdiction. We do not pause to consider whether, under Florida law, the denial of a motion to dismiss would ordinarily be treated as a final judgment. The federal plaintiffs (who are the state defendants) in *Aztec* have chosen to appeal the order in the state courts. We therefore treat it as final and appealable for federal jurisdictional purposes since, in essence, the suit in No. 70–4 asks a federal court to review the decision of a state court. Number 70–4 will therefore be dismissed for lack of jurisdiction.

*Discretionary dismissal in Nos. 69–1306, 70–3 and 70–29.*

The plaintiffs in all these cases have leveled shotgun attacks upon the constitutionality of the newly enacted statutory scheme providing for forfeiture of corporate charters.[1] Most of the state constitutional claims are based on provisions of the Florida Constitution which parallel federal constitutional provisions, e.g., due process, equal protection, ex post facto, etc. (See footnote 1.)[2] As indicated above, we think at least some of these attacks present substantial constitutional questions.

■ However, it is axiomatic that the fact that substantial constitutional questions are presented does not, standing alone, necessarily justify the exercise of federal jurisdiction when the interests of federal and state relations dictate otherwise. In the instant cases, injunctive relief against the state proceedings (which is asked in each of the complaints) is improper for one or both of the following reasons: the anti-injunc-

1. These attacks include contentions that the statutory scheme is unconstitutional under the Florida and/or the United States Constitutions because:

    A. It is vague, ambiguous and overbroad.

    B. It constitutes an ex post facto law and bill of attainder.

    C. Its purposes are not justified under the State police powers.

    D. It denies equal protection because persons committing heinous crimes other than those mentioned are not subject to its provisions.

    E. It violates freedoms of peaceable assembly and association.

    F. It allows the Attorney General to do in a civil proceeding what should be required to be done in a criminal proceeding. It appears with the criminal laws and is penal in nature but the plaintiffs herein lose the procedural safeguards which should attend a criminal prosecution, as for example:

        1. presentment or indictment by a grand jury;

        2. presumption of innocence;

        3. more difficult burden of proof for the state; and

        4. invasion of Fourth and Fifth Amendment rights of privacy and self incrimination through civil discovery procedures with their attendant possible sanction of a default judgment if the discovery procedures are not complied with.

    G. It constitutes an impairment of the obligation of contracts.

    H. It deprives the shareholder-plaintiffs of property rights without due process of law because they can lose rights under the statutory process for revocation of the corporate charter, which process contains no provision for naming them as parties.

2. Only two state constitutional grounds which have no federal parallels are alleged:

    (1) In penalizing corporations whose officers, etc. are engaged in activities aimed at violent or revolutionary overthrow of the Florida Government, the statute violates Art. I, § 20 of the Florida Constitution, F.S.A. which states that treason consists only in levying war against Florida, adhering to her enemies, or giving them aid and comfort;

    (2) In allowing the Attorney General to do in a civil proceeding what he should be compelled to do in a criminal one, the statute abridges plaintiffs' procedural rights, including presentment or indictment by grand jury which is guaranteed in felonies by Art. I, § 15 of the Florida Constitution.

tion statute, 28 U.S.C.A. § 2283, prohibits such an injunction, and no irreparable harm has been shown which justifies the use of such equitable relief.

■ Section 2283 prohibits a federal court from enjoining already pending state court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." This section does not merely express a rule of comity which may yield under certain circumstances; it constitutes an absolute limitation on the power of federal courts to enjoin state proceedings except in the three specifically enumerated instances. Atlantic Coast Line Railroad v. Brotherhood of Locomotive Engineers, 1970, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234. Insofar as the Section 2283 specific exceptions to the limitation of the injunctive power are applicable to the instant cases, the question is whether 42 U.S.C.A. § 1983 (one of the sections under which these actions were brought) qualifies as an "Act of Congress". If not, this court is without power to enjoin the pending state proceedings. This question has been answered both affirmatively, Cooper v. Hutchinson, 3 Cir. 1950, 184 F.2d 119, 124 n. 11, and negatively, Smith v. Village of Lansing, 7 Cir. 1957, 241 F.2d 856, 859. The Supreme Court and the Fifth Circuit have expressly left the question open. *See,* Cameron v. Johnson, 1968, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182; Dombrowski v. Pfister, 1965, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22; Machesky v. Bizzell, 5 Cir. 1969, 414 F.2d 283.

■ Once again this question will be left open as we do not need to reach it.

Even if we had the power to enjoin the pending state proceedings, it would be inappropriate to do so here because of the lack of an equitable basis to do so. No irreparable harm has been shown which would justify the injunction against the pending state proceedings.[3] Dombrowski v. Pfister, 1965, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22—which did not involve the prohibition of Section 2283 because no state prosecutions were already pending at the time of the institution of the federal suit—dealt squarely with the question of irreparable harm. *Dombrowski* said that although a federal injunction may be justified where state officers threaten or are about to commence either civil or criminal proceedings to enforce an unconstitutional statute, this equitable power will be justified only if there are "special circumstances" showing a likelihood of harm to the state defendant beyond that ordinarily incidental to the state prosecution. Such special circumstances have been held to exist only (1) where the state is bringing an action against the federal plaintiff in bad faith without any expectation of obtaining a valid judgment against him and the purpose of the suit is harassment to discourage the plaintiff from exercising First Amendment speech rights, Dombrowski v. Pfister, *supra*; and (2) where private litigants are asserting "important public rights to full dissemination of expression on public issues", Machesky v. Bizzell, 5 Cir. 1969, 414 F.2d 283, 291. The instant cases present no situations approaching these "special circumstances" which would justify the exercise of federal injunctive relief against pending state proceedings. Nor is there any reason to think that the Florida state courts will not adequately

3. Plaintiffs would disagree and argue that the conduct of the discovery procedures in the state civil proceedings harms them (see footnote 1, F–4, above). However, we already have answered this question adversely to plaintiffs when we denied their motion, made on this very ground, for a temporary restraining order against the state proceedings. We saw no harm which could come to them under the discovery procedures since they could presumably assert their Fifth Amendment privilege against self incrimination without suffering the sanction of default in the state proceedings.

and justly determine the federal constitutional claims. *See, e.g.,* Douglas v. City of Jeannette, 1943, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324; Dade County Classroom Teachers' Ass'n v. Nathan, 5 Cir., 1969, 413 F.2d 1005. Accordingly, the injunctive relief must be denied.

■ Having determined that the plaintiffs are not entitled to injunctive relief against the pending state proceedings, we turn our attention to their requests for declaratory relief. Zwickler v. Koota, 1967, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444, said that even if injunctive relief is unavailable, the question of whether or not to grant declaratory relief should be considered separately and declaratory relief can be given even though injunctive relief is withheld. However, although Zwickler v. Koota forbids the withholding of declaratory relief for the sole reason that injunctive relief is inappropriate, *Zwickler* should not be read as nullifying the well settled rule that the Federal Declaratory Judgment Act, 28 U.S.C.A. § 2201, is discretionary rather than mandatory. Shaw v. Garrison, E.D.La.1968, 293 F. Supp. 937 (three-judge court), aff'd per curiam, 393 U.S. 220, 89 S.Ct. 453, 21 L.Ed.2d 392.[4] Accordingly, we look to the principles governing the exercise of jurisdiction under the Declaratory Judgment Act.

■ The Declaratory Judgment Act is merely an enabling act which confers a discretion on the courts rather than a right upon the litigants. Public Service Commission of Utah v. Wycoff Co., 1952, 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291. Declaratory judgments should therefore be granted only as a matter of judicial discretion, exercised in the public interest. Eccles v. Peoples Bank, 1948, 333 U.S. 426, 431, 68 S.Ct.

641, 92 L.Ed. 784. That discretion may be exercised to dismiss a declaratory judgment suit if the same issue is pending in litigation elsewhere, Abbott Laboratories v. Gardner, 1967, 387 U.S. 136, 155, 87 S.Ct. 1507, 18 L.Ed.2d 681, especially if the issues are already pending before a state appellate court, Employers' Liability Assur. Corp. v. Mitchell, 5 Cir. 1954, 211 F.2d 441, 443, cert. denied, 347 U.S. 1014, 74 S.Ct. 869, 98 L.Ed. 1137.

Although these principles are often applied where the state proceedings are criminal, they are also applicable where the state proceedings are civil in nature. *Compare* Richardson v. Dudley, S.D.N.Y.1969, 295 F.Supp. 181 (three-judge court dismissed federal suit which asked for injunctive and declaratory relief on basis that injunctive relief was inappropriate for lack of "special circumstances" and declaratory relief was inappropriate because there was a pending state criminal prosecution), *with* Reiter v. Illinois Nat. Cas. Co., 7 Cir. 1954, 213 F.2d 946 (sustaining district judge's refusal to grant declaratory relief where the issues were being litigated in pending civil action in state courts). We think the reasoning in *Reiter, supra,* is especially pertinent to the instant situation:

> The issues posed in that suit [i.e., the pending state litigation] are, so far as the law is concerned, identical with those presented here. Furthermore, the State Court has the right to decide in a suit pending before it whether an Act of the Legislature * * * [is] in conflict with the Constitution of the United States. * * * Consequently it is obvious that plaintiff can have all the relief to which he is entitled in the State Court, other than his prayer for an injunction against that court included in his complaint for de-

---

4. Although this proposition from Shaw v. Garrison and the reasoning which led to it must be regarded as dicta for the reason that the court there eventually went on to render a declaration on the constitutionality of the statute there in question, we think the reasoning is sound. Moreover,

we note that the language from *Shaw* on which we are relying was quoted with approval in Vick v. Schiro, E.D.La.1969, 296 F.Supp. 173, which, as we do here, also denied declaratory relief when it found injunctive relief inappropriate.

claratory judgment [which injunction we have already determined plaintiffs are not entitled to].

*Id.* at 948

\* \* \* \* \* \*

"As we have pointed out a number of times, the pendency of a prior suit involving the same issues does not require the dismissal of a suit for declaratory judgment. \* \* \* The granting of declaratory relief, however, is a matter resting in the sound discretion of the court; and the discretion is properly exercised when it appears that because of the pendency of another suit the suit for declaratory relief will serve no useful purpose. \* \* \* Ordinarily, the court first acquiring jurisdiction of a controversy should be allowed to proceed with it without interference from other courts under suits subsequently instituted."

*Id.* at 949 (Quoting from American Fidelity & Casualty Co. v. Service Oil Co., 4 Cir. 1947, 164 F.2d 478, 480–481, which, in turn, was quoting Carbide & Carbon Chemicals Corp. v. United States Industrial Chemicals, Inc., 4 Cir. 1944, 140 F.2d 47, 49.)

█ In the instant cases, state proceedings were already in progress (to the point in one of the cases that the question is already before the Supreme Court of Florida) at the time of the institution of the federal suits. No First Amendment speech rights are involved and no harassment by state officials is present here as in Zwickler v. Koota. We therefore think the *Zwickler* doctrine that a suitor's choice of forum should be honored is inapplicable here. There is no reason to assume here, as there was in *Zwickler,* that the rights of the federal plaintiffs will not be as zealously guarded by the state courts as we like to hope they are in federal court. *See, e.g.,* Dade County Classroom Teachers' Ass'n v. Nathan, *supra*; Wilson v. Simon, N.D.Ill.1969, 299 F.Supp. 305. Accordingly, these three cases are

Dismissed.